*In re* GERALD D., a Minor (The Department of Children and Family Services, Petitioner-Appellant, v. Gerald D., Respondent-Appellee).

First District (4th Division)  No. 1—98—3730

Opinion filed November 4, 1999.

James E. Ryan, Attorney General, of Chicago (Patrick W. Carlson, Assistant Attorney General, of counsel), for appellant.

Patrick T. Murphy, Public Guardian, of Chicago (Lee Ann Lowder, of counsel), for appellee.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

On May 10, 1989, the Illinois Department of Children and Family Services (DCFS) filed a petition for adjudication of wardship on behalf of Gerald D. (Gerald), alleging that he was a neglected and dependent minor within the meaning of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1—1 *et seq.* (West 1998)). Based on that petition, Gerald was

adjudged a ward of the court, and DCFS's guardianship administrator was appointed his legal guardian.

This matter came before the trial court for progress reports and permanency planning orders from time to time after Gerald was adjudged a ward of the court. The court entered orders providing, among other things, for counseling and for Gerald's placement in a number of residential facilities and group homes.

On February 17, 1998, a permanency hearing was held in this matter resulting in orders compelling the DCFS worker assigned to Gerald's case to appear in court on May 27, 1998, and to report on the results of an application for adult guardianship. On that same date, the trial court also noted that DCFS had not held an administrative case review of the matter within the prior six month period.

On July 29, 1998, DCFS filed a motion informing the court that Gerald would turn 21 years of age on the following day and, on that basis, requesting that the court terminate Gerald's wardship and discharge the DCFS guardianship administrator as his guardian. The motion was originally noticed for hearing on July 30, 1998, but the matter was continued to September 3, 1998.

From the transcript of the proceedings held on September 3, 1998, we are informed that Gerald has an IQ of 46 and, in the opinion of all parties charged with his care, is in need of a guardian. After the hearing on September 3, the trial court denied DCFS's motion to close the case, stating: "I'm not closing this case until I'm satisfied that every conceivable effort has been made to get him into a placement and find an adult guardian who could monitor him." On that date, the court entered an order extending Gerald's wardship and guardianship, finding that such a course of action is in his best interests "until a determination as to adult guardianship is made." This appeal followed.

DCFS contends that the trial court lacked the authority to retain jurisdiction over this case once Gerald turned 21 and erred in refusing to discharge its guardianship administrator as his guardian. We agree.

■ As this court held in *In re Ardedia L.*, 249 Ill. App. 3d 35, 39-40, 618 N.E.2d 804 (1993):

> "Our constitution limits the jurisdiction of the circuit courts, of which the juvenile court is one, to 'justiciable matters' (Ill. Const. 1970, art. VI, § 9), and absent a justiciable controversy, courts lack subject matter jurisdiction. [Citation.] Subject matter jurisdiction is the power of the court to hear and determine causes of the general class to which the particular cause belongs [citation], and to grant the particular relief requested. [Citation.] Although circuit courts have original jurisdiction over all justiciable matters, it is well settled that when a court's power to act is controlled by stat-

ute, the court is governed by the rules of limited jurisdiction. [Citations.] While the legislature generally has no power to limit or preclude a court's constitutional jurisdiction to hear a matter, an exception exists when the legislature creates a right having no counterpart in common law or equity, since the legislature has defined the justiciable matter by enacting the statute. [Citation.] The Juvenile Court Act falls within this exception to the circuit court's general jurisdiction, and consequently the juvenile court's jurisdiction is limited by the language of the Act to consider only what the Act defines as a justiciable matter."

See also *In re Estate of Gebis*, 186 Ill. 2d 188, 192-93, 710 N.E.2d 385 (1999).

■ The purpose of the Act is, *inter alia*, to secure for each minor subject thereto such care and guidance "as will serve the safety and moral, emotional, mental, and physical welfare of the minor and the best interests of the community." 705 ILCS 405/1—2(1) (West 1998). Although the Act defines a minor as a person under the age of 21 (705 ILCS 405/1—3(10) (West 1998)), proceedings under the Act concerning an abused, neglected, or dependent minor must be commenced prior to the time that the minor attains age 18 (705 ILCS 405/2—1, 2—3, 2—4 (West 1998)). At the time that Gerald was adjudicated a ward of the court and placed in the custody and guardianship of DCFS, the Act provided that his wardship and guardianship automatically terminated upon his attaining age 21. Ill. Rev. Stat. 1989, ch. 37, par. 802—31. Although the statute has since been amended to provide for automatic termination upon the minor attaining age 19, a court may continue a minor's wardship and guardianship until age 21 for good cause. 705 ILCS 405/2—31 (West 1998). However, the Act has never authorized the continuance of a minor's wardship or guardianship past his twenty-first birthday.

■ When, as in this case, the circuit court's power to act is controlled by statute, the court must proceed within the statute's strictures, and any action taken by the court that exceeds its statutory power to act is void. *In re Estate of Gebis*, 186 Ill. 2d at 193. A court exercising jurisdiction over a minor pursuant to the terms of the Act "is not free to reject or expand its statutory authority despite the desirability or need for such action." *In re Ardedia L.*, 249 Ill. App. 3d at 40. On the day that Gerald turned 21, he ceased to be a ward of the court and the DCFS guardianship administrator ceased to be his guardian, all by operation of law. The circuit court simply possessed no jurisdiction under the Act to extend his wardship or guardianship beyond that date. See *In re Ardedia L.*, 249 Ill. App. 3d at 40.

In an effort to justify the trial court's orders of September 3, 1998,

from a jurisdictional standpoint, the public guardian argues that the court was empowered to extend Gerald's guardianship and wardship beyond his twenty-first birthday under the Probate Act of 1975 (755 ILCS 5/1—1 *et seq.* (West 1998)). Aside from the fact that the record does not reflect that the trial court purported to act pursuant to the provisions of the Probate Act, we find the argument unavailing as none of the jurisdictional requirements of that act were complied with in this case.

■ Section 11a—3(a) of the Probate Act provides in pertinent part:
> "Upon the filing of a petition by a reputable person or by the alleged disabled person himself or on its own motion, the court may adjudge a person to be a disabled person and may appoint (1) a guardian of his person ***, or (2) a guardian of his estate ***[,] or (3) a guardian of his person and of his estate." 755 ILCS 5/11a—3(a) (West 1998).

Unless the alleged disabled person is himself the petitioner, he must be personally served with a copy of the petition and a summons. 755 ILCS 5/11a—10(e) (West 1998). It is by service of the petition and summons that the court acquires jurisdiction over an allegedly disabled person. *In re Estate of Steinfeld*, 158 Ill. 2d 1, 13, 630 N.E.2d 801 (1994).

■ As we have already found, the court's jurisdiction over Gerald pursuant to the Juvenile Court Act terminated on July 30, 1998, the day he turned 21. Consequently, absent service of a petition and summons as required by section 11a—10(e) of the Probate Act, the trial court lacked jurisdiction over the person of Gerald on September 3, 1998, to extend his guardianship.

For these reasons, we: (1) reverse the portion of the trial court's September 3, 1998, order denying DCFS's motion to terminate Gerald's wardship and discharge its guardianship administrator as Gerald's guardian; (2) vacate the portion of that order extending Gerald's wardship and guardianship as the trial court was without jurisdiction to order such relief; and (3) remand this cause to the circuit court with directions to terminate Gerald's wardship, discharge the DCFS guardianship administrator as his guardian, and terminate these proceedings.

Reversed in part, vacated in part, and remanded with directions.

HOURIHANE and HALL, JJ., concur.