*In re* JAIME P., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Jaime P., Respondent-Appellant).

Second District   No. 2—03—1301

━━━━━━━━

Opinion filed October 5, 2005.

G. Joseph Weller and Mark G. Levine, both of State Appellate Defender's Office, of Elgin, for appellant.

John A. Barsanti, State's Attorney, of St. Charles (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Julie A. Shea, of Chicago, for the People.

JUSTICE GROMETER delivered the opinion of the court:

At 17 years of age, respondent Jaime P. was adjudicated guilty of aggravated arson under section 20—1.1(a)(3) of the Criminal Code of 1961 (720 ILCS 5/20—1.1(a)(3) (West 1998)), a Class X felony. She was sentenced in juvenile court to five years' probation. Shortly after reaching her twenty-first birthday, respondent petitioned the trial court to terminate her probation upon the ground that the jurisdiction of the trial court had expired when she turned 21, thus terminating her probation. The trial court ruled that her probation did not automatically terminate. Respondent now appeals. She contends that, by statute, her juvenile probation terminated automatically when she attained the age of 21. We affirm.

■ Respondent calls our attention to a potential jurisdictional issue in a motion that she entitled "Motion to Determine Jurisdiction."

We ordered the motion taken with the case, and we now determine that we have jurisdiction to hear this appeal. At issue in this case is respondent's contention that her sentence exceeded the statutory authority of the trial court. Her motion to discharge her probation is, therefore, in essence, a motion for relief from judgment, as contemplated by section 2—1401 of the Civil Practice Law (735 ILCS 5/2—1401 (West 2002)). Such orders are appealable. See *People v. Harvey*, 196 Ill. 2d 444, 448 (2001).

Before turning to the principal issue, we must also address the State's argument that respondent waived her right to appeal her sentence by failing to file a motion to reconsider sentence pursuant to Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)). Rule 604(d) requires that a defendant appealing a guilty plea must file a motion to reconsider the sentence within 30 days of the date on which the sentence was imposed. However, respondent's contention is that her sentence exceeds the trial court's statutory authority, which would make the sentence void. *People v. Williams*, 179 Ill. 2d 331, 333 (1997). A void sentence may be attacked at any time. *People v. Roberson*, 212 Ill. 2d 430, 440 (2004). Therefore, respondent could not waive her right to challenge her sentence by failing to file a Rule 604(d) motion.

■ Resolution of this appeal requires us to interpret section 5—715(1) of the Juvenile Court Act of 1987. 705 ILCS 405/5—715(1) (West 2002). Statutory construction is a question of law subject to *de novo* review. *People v. Cherry Valley Public Library District*, 356 Ill. App. 3d 893, 895 (2005). Section 5—715(1) reads as follows:

> "(1) The period of probation or conditional discharge shall not exceed 5 years or until the minor has attained the age of 21 years, whichever is less, except as provided in this Section for a minor who is found to be guilty for an offense which is first degree murder, a Class X felony or a forcible felony. The juvenile court may terminate probation or conditional discharge and discharge the minor at any time if warranted by the conduct of the minor and the ends of justice; provided, however, that the period of probation for a minor who is found to be guilty for an offense which is first degree murder, a Class X felony, or a forcible felony shall be at least 5 years." 705 ILCS 405/5—715(1) (West 2002).

In construing a statute, a court must ascertain and give effect to the legislature's intent. *Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund*, 155 Ill. 2d 103, 110 (1993). To determine the intent of the legislature, one must first examine the language of the statute, which is the most reliable indicator of the legislature's intent. *In re C.W.*, 199 Ill. 2d 198, 211 (2002).

■ The plain language of section 5—715(1) evinces the legislature's

intent to limit probationary periods to 5 years or until the minor is 21, whichever is less, with exceptions for those convicted of first-degree murder, a Class X felony, or a forcible felony. The meaning of this provision is clear. The legislature did not intend the automatic-termination provision of the statute to apply to Class X felons.

Invoking the last antecedent rule, respondent contends that the last clause of the second sentence of section 5—715(1), which requires the juvenile court to impose a period of probation of at least five years for a minor who is found guilty of certain offenses, modifies only the first clause of the same sentence. The last antecedent rule provides that relative or qualifying words or phrases in a statute modify the words immediately preceding, but do not modify language that is more remote. *People v. Vue*, 353 Ill. App. 3d 774, 778 (2004). Thus, under respondent's interpretation of the statute, the juvenile court has the discretion to terminate probation or conditional discharge of a minor "at any time warranted by the conduct of the minor and the ends of justice," unless the minor is found guilty of first-degree murder, a Class X felony, or a forcible felony. If found guilty of any of these offenses, the minor must serve at least five years. Respondent claims, however, that the minimum five-year requirement does not modify the first sentence of section 5—715(1). We disagree. Respondent's interpretation would violate another rule of statutory construction by rendering meaningless the reference to the exception appearing in the first sentence of section 5—715(1). See *Collins*, 155 Ill. 2d at 111. Additionally, since the language of the statute is clear and unambiguous, resort to other aids of statutory construction is unnecessary. *People v. Peco*, 345 Ill. App. 3d 724, 731 (2004).

For the foregoing reasons, the juvenile court correctly determined that respondent's probation extended beyond her twenty-first birthday. Accordingly, we affirm the court order denying respondent's motion to terminate probation.

Affirmed.

O'MALLEY, P.J., and CALLUM, J., concur.