Docket No. 101602.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

---

*In re* JAIME P., a Minor (The People of the State of Illinois, Appellee, v. Jaime P., Appellant).

*Opinion filed December 21, 2006.*

JUSTICE KARMEIER delivered the judgment of the court, with opinion.

Chief Justice Thomas and Justices Freeman, Fitzgerald, Kilbride, Garman, and Burke concurred in the judgment and opinion.

## OPINION

On November 19, 1999, at age 17, respondent, Jaime P., was adjudicated delinquent based upon her admission of guilt to the offense of aggravated arson, a Class X felony, and was sentenced to, *inter alia*, five years' probation. On October 27, 2003, several weeks after her twenty-first birthday, respondent petitioned the juvenile division of the circuit court of Kane County to terminate her probation on the ground that the jurisdiction of the juvenile court expired when she attained the age of 21. The juvenile court held that respondent's probation did not automatically terminate. On appeal, the appellate court affirmed, finding that the plain language of section 5–715(1) of the Juvenile Court Act of 1987 (hereinafter, the Juvenile Court Act or Act) (705 ILCS 405/5-715(1) (West 1998)), "evince[d] the

legislature's intent to limit probationary periods to 5 years or until the minor is 21, whichever is less, with exceptions for those convicted of first-degree murder, a Class X felony, or a forcible felony." 361 Ill. App. 3d 213, 215-16. The appellate court rejected respondent's alternate interpretation of the statute, finding that it would "render[ ] meaningless the reference to the exception appearing in the first sentence of section 5–715(1)." 361 Ill. App. 3d at 216. This court granted respondent's petition for leave to appeal. 177 Ill. 2d R. 315(a).

Respondent was born on October 3, 1982. On June 26, 1999, when she was 16 years of age, respondent and five other youths entered the home of an acquaintance whom they knew was away on vacation. Respondent and her codefendants took items from the house and set a fire inside. Firefighters responded to the blaze and one firefighter suffered injury to his lung while trying to extinguish the fire. Respondent was prosecuted under article V of the Act (705 ILCS 405/5–101 *et seq.* (West 1998)), and was adjudicated guilty of aggravated arson. On November 19, 1999, the juvenile court ordered respondent to: (1) pay, jointly and severally with her codefendants, restitution of $6,250 to the victim; (2) serve a period of residential placement; (3) perform 100 hours of community service or volunteer work; and (4) serve five years of probation. Additionally, the court entered a money judgment of $191,457 to Country Mutual Insurance, to be paid jointly and severally with respondent's codefendants. While the juvenile court told respondent that it would have jurisdiction over her "until you are 21," the written sentencing order states: "Minor placed on 5 years [*sic*] probation until 11-19-04." Respondent completed her community service and was discharged from residential placement when she reached 18, in 2000.

During 2000 and 2001, the State filed several petitions to revoke respondent's probation alleging, *inter alia*, that she had violated her curfew, had committed criminal damage to property, and was not living in the placement approved by the court. Following a hearing on September 18, 2001, the juvenile court found that respondent had violated probation by failing to follow through with aftercare following her residential placement. The petitions to revoke probation were resolved by negotiated disposition on October 24, 2001, and respondent was ordered to spend 45 days on work release. On

December 20, 2002, the juvenile court ordered an end to respondent's curfew and to her mandatory counseling.

On January 6, April 10, June 9, September 11, and October 2, 2003, the State filed additional petitions to revoke probation. The record does not show any resolution of these petitions. On October 27, 2003, respondent filed a motion seeking relief from judgment. She asked the court to terminate her probation and to dismiss the pending petitions to revoke probation based on the fact that the jurisdiction of the juvenile court had expired on October 3, 2003, when she attained the age of 21. Following a hearing on November 20, 2003, this motion was denied. After respondent's counsel stated that she intended to appeal the juvenile court's ruling, the court stated: "That's fine. In the meantime, the case continues to go on because you are appealing just an issue, not the minor's underlying sentence. *** So we will continue this over to January [2004] for status."

Although not argued by the State, we note our agreement with respondent's contention that this appeal is not moot, as even though she is now 24 years of age, her juvenile proceeding has not been completely terminated. The record on appeal shows that status hearings in respondent's case have continued throughout 2004 and 2005, and, additionally, a supplemental petition to revoke probation was filed on January 5, 2005. The parties agree that the juvenile court's docket sheet reveals that the court terminated respondent's probation as "unsatisfied" on January 6, 2006, over a year after the written termination date of November 19, 2004, but ordered that the file remain open. Indeed, the case apparently remains open to this day, with the juvenile court continuing to regularly conduct status hearings, according to the State, "to enforce the restitution order." See 705 ILCS 405/5–710(4) (West 1998); 730 ILCS 5/5–5–6(f), (i) (West 1998).[1]

---

[1]Docket sheet entries made in January 2005 indicate payment checks had been returned, with the notation, "NEED NEW ADDRESS for counry [*sic*] companies," and a status order was entered January 31, 2005, stating: "CLERK TO SEND RE-ISSUED CHECKS TO WILBUR & ASSOCIATES ATTORNEYS ON BEHALF OF VICTIM." These entries would seem to indicate continued compliance by respondent with the money judgment, as well as with the separate restitution order entered as conditions

Under section 5–710(4) of the Act, section 5–5–6 of the Unified Code of Corrections (730 ILCS 5/5–5–6 (West 1998)) provides the terms and conditions of restitution in delinquency cases. Respondent does not argue the propriety of the continued "open" status of her case to "enforce the restitution order," and, indeed, a restitution order is not discharged by the completion of the sentence imposed for the offense. See 730 ILCS 5/5–5–6(n) (West 1998). However, restitution is to be paid in full within "a period of time not in excess of 5 years" (730 ILCS 5/5–5–6(f) (West 1998)), except that where certain circumstances exist, the court may impose an additional period of time, not to exceed two years, within which to make restitution (730 ILCS 5/5–5–6(f), (i) (West 1998)). Thus, here, the court-ordered period for payment of restitution cannot extend beyond November 19, 2006, seven years from the date the order was imposed. See 730 ILCS 5/5–5–6(f), (i) (West 1998); *People v. Brooks*, 158 Ill. 2d 260, 267-68 (1994) (restitution period normally begins at sentencing for nonincarcerated defendants). Regardless, payment of any amounts remaining due on the restitution and money judgment orders after seven years may be enforced by means of a proceeding provided by section 2–1601 of the Code of Civil Procedure (735 ILCS 5/2–1601 (West 1998)). See 730 ILCS 5/5–5–6(m)(3), (m)(4) (West 1998); 735 ILCS 5/12–108(a) (West 1998).

Addressing the merits of respondent's contention that the lower courts' reading of section 5–715(1) is erroneous, we first note that resolving an issue of statutory interpretation is a question of law subject to *de novo* review. *In re Christopher K.*, 217 Ill. 2d 348, 364 (2005); *In re C.N.*, 196 Ill. 2d 181, 208 (2001). This court, in *People v. Taylor*, 221 Ill. 2d 157 (2006), recently decided another case involving a question of statutory interpretation involving a minor adjudicated delinquent in proceedings conducted under article V of the Act. In *Taylor*, we set forth the principles governing our analysis of such statutory questions, stating:

> "Courts should consider the statute in its entirety, keeping in mind the subject it addresses and the legislature's apparent

of her probation in 1999.

-4-

objective in enacting it. *People v. Davis*, 199 Ill. 2d 130, 135 (2002). But our inquiry must always begin with the language of the statute itself, which is the surest and most reliable indicator of the legislature's intent. *People v. Pullen*, 192 Ill. 2d 36, 42 (2000). When the language of a statute is clear, it must be applied as written without resort to further aids or tools of interpretation. *In re R.L.S.*, 218 Ill. 2d 428, 433 (2006). Furthermore, criminal or penal statutes are to 'be strictly construed in favor of the accused, and nothing should be taken by intendment or implication beyond the obvious or literal meaning of the statute.' *People v. Laubscher*, 183 Ill. 2d 330, 337 (1998). *** However, if the language of a statute is ambiguous, we may look to tools of interpretation–such as the doctrine of *in pari materia*–to ascertain the meaning of a provision." *Taylor*, 221 Ill. 2d at 162-63.

The statute at issue here, section 5–715(1), entitled "Probation," provides as follows:

"(1) The period of probation or conditional discharge shall not exceed 5 years or until the minor has attained the age of 21 years, whichever is less, except as provided in this Section for a minor who is found to be guilty for an offense which is first degree murder, a Class X felony or a forcible felony. The juvenile court may terminate probation or conditional discharge and discharge the minor at any time if warranted by the conduct of the minor and the ends of justice; provided, however, that the period of probation for a minor who is found to be guilty for an offense which is first degree murder, a Class X felony, or a forcible felony shall be at least 5 years." 705 ILCS 405/5–715(1) (West 1998).

We agree with the appellate court that the plain language of section 5–715(1) "evinces the legislature's intent to limit probationary periods to 5 years or until the minor is 21, whichever is less, *with exceptions for those convicted of first-degree murder, a Class X felony, or a forcible felony*." (Emphasis added.) 361 Ill. App. 3d at 215-16. However, we disagree with the appellate court's further finding that

"[t]he legislature did not intend the automatic-termination provision of the statute to apply to Class X offenders." 361 Ill. App. 3d at 216.[2]

It is clear that the circuit court in juvenile proceedings maintains jurisdiction only until the minor turns 21 years of age. *Taylor*, 221 Ill. 2d at 181. The purpose of article V of the Juvenile Court Act is to "deal[ ] with the problem of juvenile delinquency" (705 ILCS 405/5–101(1) (West 1998)), and, indeed, article V is entitled "DELINQUENT MINORS." By definition, " '[m]inor' means a person *under the age of 21 years* subject to this Act." (Emphasis added.) 705 ILCS 405/5–105(10) (West 1998). Thus, where the overriding purpose of article V of the Act is to deal with delinquency in those "under the age of 21," a reading of section 5–715(1) that would entail extending jurisdiction beyond that age appears to be contrary to the intent of the legislature and cannot be correct.

Thus, in our view, a plain reading of the first sentence of section 5–715(1) explains the general rule that probationary periods "shall not exceed 5 years or until the minor has attained the age of 21 years, *whichever is less*," with the proviso that there exists an exception "*provided in this Section* for a minor who is found to be guilty for an offense which is first degree murder, a Class X felony, or a forcible felony." (Emphasis added.) 705 ILCS 405/5–715(1) (West 1998). The second sentence of section 5–715(1) then sets forth this exception to the general rule, *i.e.*, that minors found guilty of those enumerated offenses shall be sentenced to "at least 5 years " of probation, subject only to the jurisdictional cap of 21 years. 705 ILCS 405/5–715(1) (West 1998); see also 705 ILCS 405/5–710, 5–755 (West 1998). Contrary to the appellate court's contention, this interpretation of the statute does not render meaningless the reference to the exception appearing in the first sentence of section 5–715(1). See *Cassens Transport Co. v. Illinois Industrial Comm'n*, 218 Ill. 2d 519, 524 (2006) ("We must construe the statute so that each word, clause, and sentence is given a reasonable meaning and not rendered superfluous, avoiding an interpretation that would render any portion of the statute

_____

[2]Section 5–755(1) of the Juvenile Court Act states, in pertinent part, that "[a]ll proceedings under this Act in respect to any minor *** *automatically terminate* upon his or her attaining the age of 21 years ***." (Emphasis added.) 705 ILCS 405/5–755(1).

meaningless or void"); *People v. Palmer*, 218 Ill. 2d 148, 156 (2006). Further, the second clause of the second sentence of section 5–715(1) serves as a limitation on early termination of probation "at any time if warranted by the conduct of the minor and the ends of justice," for those minors found guilty of first degree murder, a Class X felony, or a forcible felony. 705 ILCS 405/5–715(1) (West 1998).

Additionally, we agree with respondent that the appellate court's reading of the "plain language" of the statute creates a conflict with other sections within the Act, whereas a close inspection of article V of the Act and the predecessor to section 5–715(1) leads to the conclusion that our interpretation is that which was intended by the legislature. As stated earlier, our analysis of a statute is governed by a consideration of the legislature's objective in enacting it. *Taylor*, 221 Ill. 2d at 162; see also *Christopher K.*, 217 Ill. 2d at 364 (the primary objective of statutory interpretation is to determine and give effect to the legislature's intent). Thus, in determining the proper construction of the Juvenile Court Act provision at issue, we believe it helpful to understand the historical background of article V, the delinquency portion of this legislation, and the interrelation of its sections. See *Palmer*, 218 Ill. 2d at 156 (all provisions of a statutory enactment are viewed as a whole).

The Juvenile Court Act was "radically altered" when the General Assembly amended the Act with Public Act 90–590, effective January 1, 1999. *Taylor*, 221 Ill. 2d at 165, citing 705 ILCS Ann. 405/5–101 *et seq.* (Smith-Hurd 1999). "The amendatory changes renumbered the sections and largely rewrote article V of the Act to provide more accountability for the criminal acts of juveniles \*\*\*." *Taylor*, 221 Ill. 2d at 165. The 1999 amendments provided a new purpose and policy section, which begins: "(1) It is the intent of the General Assembly to promote a juvenile justice system capable of dealing with the problem of juvenile delinquency, a system that will protect the community, impose accountability for violations of law and equip juvenile offenders with competencies to live responsibly and productively." 705 ILCS 405/5–101 (West 1998). This policy statement "represents a fundamental shift from the singular goal of rehabilitation to include the overriding concerns of protecting the public and holding juvenile offenders accountable for violations of the law." *Taylor*, 221 Ill. 2d at 167; *In re A.G.*, 195 Ill. 2d 313, 317 (2001).

An examination of the only significant difference between section 5–715(1) and its predecessor, section 5–24(1) (705 ILCS 405/5–24 (West 1996)), shows this intent by the General Assembly to hold juvenile offenders more accountable. The previous section begins: "The period of probation or conditional discharge shall not exceed 5 years or until the minor has attained the age of *19 years*, whichever is less." (Emphasis added.) 705 ILCS 405/5–24(1) (West 1996). The raising of the maximum period of probation in section 5–715(1) from the lesser of either five years "or until the minor has attained the age of 21 years" thus indicates a conscious decision by the legislature to stiffen the penalty available to a juvenile court imposing probation. 705 ILCS 405/5–715(1) (West 1998). However, this action does not support the State's claim that probation for a minor who commits certain serious crimes, as here, may be extended beyond the age of 21. Indeed, the "at least 5 years" language in the second sentence of the statute, limiting the court's ability to terminate a minor's probation early when certain offenses are involved, remains unchanged, supporting a reading of the statute which sets the age of 21 as the upper limit of any probation term available under the delinquency portion of the Act.

Further support for this interpretation of section 5–715(1) can be found in its interrelation with section 5–755, entitled "Duration of wardship and discharge of proceedings," which states, in pertinent part:

> "(1) All proceedings under this Act in respect of any minor for whom a petition was filed on or after the effective date of this amendatory Act of 1998 automatically terminate upon his or her attaining the age of 21 years except that provided in Section 5–810.
>
> ***
>
> (3) The wardship of the minor and any legal custodianship or guardianship respecting the minor for whom a petition was filed on or after the effective date of this amendatory Act of 1998 automatically terminates when he or she attains the age of 21 years except as set forth in subsection (1) of this Section. The clerk of the court shall at that time record all proceedings under this Act as finally closed and discharged for that reason." 705 ILCS 405/5–755(1), (3) (West 1998).

-8-

The State argues that the more specific statute, section 5–715, setting forth periods of probation, should prevail over what it terms the more general statute, section 5–755, providing the "Duration of wardship and discharge of proceedings." See *Moore v. Green*, 219 Ill. 2d 470, 480 (2006) ("Where a general statutory provision and a more specific statutory provision relate to the same subject, we will presume that the legislature intended the more specific provision to govern"). However, this court, in *Moore*, 219 Ill. 2d at 479, also stated that "[w]here two statutes conflict, we will attempt to construe them together, *in pari materia*, where such an interpretation is reasonable." See also *People ex rel. Director of Corrections v. Booth*, 215 Ill. 2d 416, 424 (2005). As section 5–755 clearly states that it governs "[a]ll proceedings under this Act in respect of any minor for whom a petition was filed," a reading of section 5–715(1) which does not comport with the plain language of section 5–755 creates such a conflict. We presume the legislature, in amending the Act and rewriting article V, did not place contradictory sections within that article, and we believe our interpretation of section 5–715(1) is not only reasonable but construes those sections *in pari materia*.

Additionally, section 5–755(1) states that the sole exception to the Act's rule of automatic termination of "[a]ll proceedings" at age 21 is "that provided in Section 5–810." 705 ILCS 405/5–755(1) (West 1998). Therefore, if the legislature, in amending the Act, had wanted to include the period of probation imposed on minors who had committed certain serious offenses as an exception to the automatic termination rule, it could easily have done so by adding section 5–715(1) to the exception listed for section 5–810. See *Taylor*, 221 Ill. 2d at 179 ("[T]he legislature in the present case has not chosen to include juvenile adjudications in the definition of 'conviction' for purposes of the escape statute, and again we may not read such an inclusion into a penal statute by intendment or implication"); *Texaco-Cities Service Pipeline Co. v. McGaw*, 182 Ill. 2d 262, 281 (1998) ("If the legislature had intended to include as business income all gain from the sale of any property 'used' by the taxpayer in the regular course of its business, it could have easily written the statute to say so"). Under the enumerated exception to the automatic-termination rule, the "Extended jurisdiction juvenile prosecutions" (EJJP) statute (705 ILCS 405/5–810 (West 1998)), if the State, prior to trial, files a

petition to designate the respondent's case as an extended jurisdiction juvenile prosecution, and the juvenile court so designates, the minor has the right to a trial by jury. 705 ILCS 405/5–810(1), (3) (West 1998); see also *Christopher K.*, 217 Ill. 2d at 354-55. If the trial results in a guilty verdict, the court must impose a juvenile sentence and an adult criminal sentence, staying the adult sentence on the condition that the minor not violate the provisions of the juvenile sentence. 705 ILCS 405/5–810(4) (West 1998); *Christopher K.*, 217 Ill. 2d at 355.

We agree with respondent that the plain intent of the Juvenile Court Act was to set the age of 21 as the maximum for all juvenile dispositions, with the limited exception of the EJJP provided in section 5–810. We note that when the legislature crafted that exception, it was careful to include a right to a jury trial and a trial open to the public. See 705 ILCS 405/5–810(3) (West 1998). Under the State's reading of section 5–715(1), there would be no such safeguards and the period of "juvenile" probation would have no maximum term, potentially extending, as here, well past the age of 21, even though the possibility of committing the "delinquent minor" to the Department of Corrections for violating that probation would automatically terminate at age 21. See 705 ILCS 405/5–750 (3) (West 1998). As respondent cogently argues: "It is unlikely that the legislature would have intentionally authorized juvenile probation for an unlimited time, potentially continuing for natural life, without some sort of comment or legislative finding." See *Progressive Universal Insurance Co. v. Liberty Mutual Fire Insurance Co.*, 215 Ill. 2d 121, 134 (2005) (in interpreting a statute, we must presume that when the legislature enacted a law, it did not intend to produce absurd, inconvenient or unjust results). Thus, we conclude that, under the plain language of section 5–755, read in concert with our interpretation of section 5–715(1), the only exception to the rule of automatic termination of all proceedings under the Act at age 21 is that set forth in section 5–810. As the State never filed a petition to designate this case as an EJJP, it is clear this exception has no application here.

Finally, because penal statutes are to be strictly construed in favor of the accused, we find that the State's interpretation, adopted by the lower courts, is not to be favored over respondent's interpretation.

See *Taylor*, 221 Ill. 2d at 182; see also 134 Ill. 2d R. 660(a) ("Appeals from final judgments in delinquent minor proceedings *** shall be governed by the rules applicable to criminal cases"). Indeed, where, as here, the circuit court's power to act is controlled by statute, the court must proceed within the statute's strictures, and any action taken by the court that exceeds its statutory power to act is void. See *In re Gerald D.*, 308 Ill. App. 3d 628, 631 (1999). "A court exercising jurisdiction over a minor pursuant to the terms of the Act 'is not free to reject or expand its statutory authority despite the desirability or need for such action.' " *Gerald D.*, 308 Ill. App. 3d at 631, quoting *In re Ardedia L.*, 249 Ill. App. 3d 35, 40 (1993). Thus, the juvenile court simply possessed no jurisdiction under the Act to continue respondent's probation beyond the end of the court's jurisdiction, *i.e.*, the date the minor turns 21 years of age. Therefore, we reject the appellate court's holding that the legislature did not intend the automatic-termination provision of section 5–755(1) of the Act to apply to Class X felons like respondent.

Accordingly, we hold that under the plain meaning of section 5–715(1), the period of probation for a minor who is found to be guilty for an offense which is first degree murder, a Class X felony, or a forcible felony shall be at least five years *or until the minor has attained the age of 21 years*, at which time, under section 5–755(1), all proceedings shall automatically terminate. Thus, in the instant case, respondent's probation period should have automatically terminated on October 3, 2003, her twenty-first birthday, although the court, as any circuit court, could oversee payment of restitution as provided in sections 5–5–6(f) and (i) of the Unified Code of Corrections (730 ILCS 5/5–5–6(f), (i) (West 1998)) until, at the latest, November 19, 2006.

For the foregoing reasons, we reverse the judgment of the appellate court and the circuit court's denial of respondent's petition and remand this matter to the circuit court in order for the clerk to record all proceedings under this Act as finally closed and discharged as required by section 5–755(3).

*Judgments reversed;*
*cause remanded.*