No. 2--06--0999          Filed:  7-5-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| In re RANDALL M., a Minor | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| | ) | |
| | ) | Nos. 05--JD--264 |
| | ) | 06--JD--498 |
| | ) | |
| (The People of the State of Illinois, | ) | Honorable |
| Petitioner-Appellee, v. Randall M., | ) | Raymond D. Collins, |
| Respondent-Appellant). | ) | Judge, Presiding. |

PRESIDING JUSTICE GROMETER delivered the opinion of the court:

This appeal presents two issues involving section 5--410 of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/5--410 (West 2004)).  The first issue is whether section 5--410 authorizes the automatic transfer of a minor with pending delinquency matters from a juvenile detention facility to an adult detention facility upon the minor's seventeenth birthday.  The second issue is whether, under section 5--410, a minor 17 years of age or older with pending delinquency matters may be housed in the general population of a county jail.

On April 20, 2005, a petition for adjudication of wardship was filed in the circuit court of Lake County, as case number 05--JD--264.  The petition alleged that the minor, Randall M., born on October 2, 1989, was delinquent in that he had committed the offense of domestic battery (720 ILCS 5/12--3.2(a)(2) (West 2004)).  On May 18, 2005, Randall admitted to the offense and was

placed on probation for a period of one year. For reasons not relevant here, the period of probation was later extended until November 8, 2006.

On September 26, 2006, the State filed a petition for adjudication of wardship as case number 06--JD--498 and a corresponding petition to revoke Randall's probation in case number 05--JD--264. With respect to the former petition, the State alleged that Randall had possessed a firearm without the requisite firearm owner's identification (FOID) card (430 ILCS 65/14(c)(3) (West 2004)) and that he had committed the offense of unlawful use of a weapon (720 ILCS 5/24--1(a)(2) (West 2004)). At the detention hearing held later the same day, the trial court found "sufficient probable cause" to believe that Randall was delinquent. The court further determined that it was a matter of "immediate and urgent necessity" for the protection of both Randall and the community that Randall be held in "secure detention." See 705 ILCS 405/5--410(2)(a) (West 2004). Pursuant to a local court rule, a minor determined to require "secure detention" is lodged in the Hulse Detention Center unless otherwise ordered by a juvenile court judge. 19th Judicial Cir. Ct. R. 9.13 (eff. January 2, 1997). At the conclusion of the detention hearing, the trial court asked about the date of Randall's birthday, noting that he would be turning 17 in October. The assistant State's Attorney responded that Randall would turn 17 on the following Monday. The court then stated, "Monday? Monday you will be transferred to Lake County."

On September 29, 2006, Randall's attorney filed an emergency motion to enjoin the automatic transfer of Randall from the Hulse Detention Center to the Lake County jail. The motion averred that Randall would turn 17 years old on October 2, 2006, and that "[b]ased upon information and belief from past practices, because the minor will have attained the age of 17 the Juvenile Detention Center will automatically transfer the minor to the custody of the Lake County Sheriff,

who will then incarcerate the Minor [sic] within the general population of the jail with adult arrestees and criminals." The matter proceeded to a hearing on October 2, 2006.

At the hearing on the emergency motion, Randall's attorney told the court that Randall was turning 17 that day and that based on what counsel had "seen throughout [his] career and years in juvenile court they're going to move [Randall] to the Lake County Jail." Randall's attorney further asserted that there was no basis in law for the transfer to occur. The State informed the court of its belief that the court was "within [its] rights to transfer [Randall] who *** turns 17 today as we have been doing in the past to keep him separate now from the juveniles that are out at the Hulse Detention Center." Ultimately, the trial court denied the emergency motion, stating:

"Pursuant to 705 ILCS Section 405/5--410, Subsection V, minors under the age of 17 shall be kept separate from confined adults and may not at any time be kept in the cell, room or yard with adults confined pursuant to criminal law. Persons 17 years of age and older who have a petition of delinquency filed against them shall be confined in an adult detention facility.

In making a determination whether to confine a person 17 years of age or older who has a petition of delinquency filed against the person these factors have to be considered, the age of the person. He's obviously 17 years old today and any--any previous delinquent history. In looking at the past socials that have been filed on the two cases he has a domestic battery from '05 and he has a criminal trespass to real property in '05 and he has unlawful possession of a stolen motor vehicle from '05 and then the present pending petitions against him.

Based on those two--the other two factors, any previous neglect or abuse history of the person, which I don't think there is any, any mental health or education history of the person, but based on the first two factors I am going to deny the motion of the public defender's office and transfer--have the minor transferred to the Lake County Jail pursuant to statute."

On October 10, 2006, Randall filed a petition for leave to appeal to this court (see 210 Ill. 2d R. 306(a)(5)) as well as a notice of interlocutory appeal. On November 7, 2006, this court allowed Randall's petition for leave to appeal. During the pendency of this appeal, Randall admitted to possessing a firearm without a FOID card (430 ILCS 65/14(c)(3) (West 2004)) and testified at his sentencing hearing that while housed in the Lake County jail, he was "kept in population" with "adults."

As noted, we are presented with two principal issues in this case. The first is whether section 5--410 of the Act (705 ILCS 405/5--410 (West 2004)) authorizes the automatic transfer of a minor with pending delinquency matters from a juvenile detention facility to an adult detention facility upon the minor's seventeenth birthday. The second is whether the same statute allows a minor 17 years of age or older with pending delinquency matters to be housed in the general population of a county jail. Before turning to these matters, we must address the State's suggestion that this appeal is moot. The State points out that Randall was sentenced subsequent to the date he filed his notice of appeal and that he is no longer subject to the statutory provisions in question.

An issue becomes moot when an actual controversy no longer exists and the interests of the parties no longer are in controversy. In re Dexter L., 334 Ill. App. 3d 557, 558 (2002). As a general rule, a reviewing court will not decide moot or abstract questions. In re J.T., 221 Ill. 2d 338, 349

(2006). However, reviewing courts may examine an otherwise moot issue pursuant to the public-interest exception. This exception applies if the following three criteria are present: (1) the question is of a public nature; (2) an authoritative determination on the question will help guide public officers in the performance of their duties; and (3) the question is likely to recur. In re Dru G., 369 Ill. App. 3d 650, 654 (2006). This case satisfies all three of the foregoing requirements. First, the questions we are asked to address are undoubtedly of a public nature, as they deal in general with the status and welfare of minors in detention and in particular with whether such minors may be automatically transferred to an adult facility upon their seventeenth birthdays and housed within the general population of a county jail. Second, we have found no cases interpreting the statutory provisions at issue, and Randall has provided this court with letters from counties throughout this state that indicate that not all jurisdictions treat in the same manner the arrival of the seventeenth birthday of a minor with pending delinquency matters.[1] By addressing these issues, we hope to

---

[1] Citing principally to People v. Heaton, 266 Ill. App. 3d 469, 476 (1994), the State objects to giving any consideration to these letters, on the basis that they were not presented to the trial court. In Heaton, the Fifth District determined that it would not be proper to take judicial notice of a report not before the trial court when reviewing for an abuse of discretion the lower court's admission of evidence. Heaton, 266 Ill. App. 3d at 476-77. As we discuss later in this opinion, this case involves statutory interpretation, which is a question of law subject to de novo review. People v. Calderon, 369 Ill. App. 3d 221, 230 (2006). Our supreme court has recently indicated that, in conducting de novo review, a reviewing court may, where appropriate, consider sources outside the record. In re Commitment of Simons, 213 Ill. 2d 523, 531 (2004); see also Pace v. Regional Transportation Authority, 346 Ill. App. 3d 125, 132 (2003) ("[I]n deciding whether a claim is moot, we may

provide guidance and create uniformity in the application of the relevant provisions of the Act. Third, it is evident from the letters provided by these other counties that regardless of whether Randall is currently incarcerated, other minors continue to be automatically transferred from juvenile facilities to adult facilities upon turning 17 and some of these minors are held in the general population of the jail. Thus, the questions are likely to recur. Accordingly, we will address the issues.

Both of the inquiries presented in this case involve matters of statutory construction. The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature. People v. Brady, 369 Ill. App. 3d 836, 843 (2007). Ordinarily, the best indicator of the legislature's intent is the language of the statute itself. Brady, 369 Ill. App. 3d at 843. All provisions of a statutory enactment are to be viewed as a whole. In re Detention of Lieberman, 201 Ill. 2d 300, 308 (2002). As such, we must construe words and phrases in light of the other relevant portions of the statute so that, if possible, no term is rendered superfluous or meaningless. West Suburban Bank v. City of Chicago, 366 Ill. App. 3d 1137, 1140 (2006). If the language of a statute is clear and unambiguous, we will give effect to the statute's plain meaning. People v. Pierce, 367 Ill. App. 3d 203, 205 (2006). If, however, the statutory language is ambiguous, we may resort to other interpretive aids to resolve the ambiguity and ascertain the legislature's intent. People v. Taylor, 221 Ill. 2d 157, 163 (2006). We are also mindful of the rule that any ambiguity in a penal statute should

consider matters dehors the record"); People v. Dalcollo, 282 Ill. App. 3d 944, 955 (1996) (rejecting Heaton and noting that when asked to establish the law of the jurisdiction for future cases, a court of review will "engage in a broad review" and consider "any pertinent legal and scientific commentaries"). Thus, in resolving the mootness question, we will consider the letters at issue.

be construed in favor of the accused. People v. Kohl, 364 Ill. App. 3d 495, 499-500 (2006). We review issues of statutory construction de novo. In re Jaime P., 223 Ill. 2d 526, 532 (2006).

Our first task is to determine whether the Act authorizes the automatic transfer of a minor with pending delinquency matters to an adult detention facility upon the minor's seventeenth birthday. The Act defines a "delinquent minor" as "any minor who prior to his or her 17th birthday has violated or attempted to violate, regardless of where the act occurred, any federal or State law, county or municipal ordinance." 705 ILCS 405/5--105(3) (West 2004). The Act further provides that when there is reasonable cause to believe that the minor is a delinquent minor, confinement in a county jail shall be in accordance with the restrictions set forth in sections 5--410 (705 ILCS 405/5--410 (West 2004)) and 5--501 (705 ILCS 405/5--501 (West 2004)) of the Act.[2] 705 ILCS 405/1--4.1 (West 2004). In this case, the trial court found "sufficient probable cause" to believe that Randall was a delinquent minor.

Relevant to our initial discussion is section 5--410(2)(c)(v) of the Act (705 ILCS 405/5--410(2)(c)(v) (West 2004)). Prior to January 1, 2004, section 5--410(2)(c)(v) provided:

"(v) Violation of the time limit on detention in a county jail or municipal lockup shall not, in and of itself, render inadmissible evidence obtained as a result of the violation of this time limit. Minors under 17 years of age shall be kept separate from confined adults and may not at any time be kept in the same cell, room or yard with adults confined pursuant to criminal law. Persons 17 years of age and older who have a petition of delinquency filed

---

[2]   We limit our discussion to section 5--410 as the parties refer to section 5--501 only in passing and the trial court did not rely on section 5--501 in making its decision.

against them <u>shall</u> be confined in an adult detention facility."  (Emphasis added.)  705 ILCS 405/5--410(2)(c)(v) (West 2002).

In making its ruling, the trial court cited, <u>inter alia</u>, the last two sentences of the provision reproduced above.  However, section 5--410(2)(c)(v) acquired its current verbiage when Public Act 93--255 (Pub. Act 93--255, eff. January 1, 2004 (amending 705 ILCS 405/5--410 (West 2002))) became law.  The amended version of the statute, which was in effect at the time that the trial court made its ruling, provides:

"(v) Violation of the time limit on detention in a county jail or municipal lockup shall not, in and of itself, render inadmissible evidence obtained as a result of the violation of this time limit.  Minors under 17 years of age shall be kept separate from confined adults and may not at any time be kept in the same cell, room or yard with adults confined pursuant to criminal law.  Persons 17 years of age and older who have a petition of delinquency filed against them <u>may</u> be confined in an adult detention facility.  In making a determination whether to confine a person 17 years of age or older who has a petition of delinquency filed against the person, these factors, among other matters, <u>shall</u> be considered:

(A) The age of the person;

(B) Any previous delinquent or criminal history of the person;

(C) Any previous abuse or neglect history of the person; and

(D) Any mental health or educational history of the person, or both."

(Emphasis added.)  705 ILCS 405/5--410(2)(c)(v) (West 2004).

As the evolution of this statutory provision suggests, while confinement in an adult detention facility was once mandatory for an individual 17 years of age or older with pending delinquency matters,

this is no longer the case. The plain language of the current version of the statute clearly provides that such individuals "may" be confined to an adult detention center. The use of the word "may" indicates that the legislature intended the provision to be discretionary. See People v. Young, 124 Ill. 2d 147, 157 (1988). However, in making a decision on such confinement, the statute provides that the four enumerated factors (plus any other relevant information) "shall" be considered. The use of the word "shall" in this context indicates that the legislature intended the application of the factors to be mandatory. See Young, 124 Ill. 2d at 157. Thus, as currently written, the plain language of section 5--410(2)(c)(v) does not authorize the automatic transfer of a minor with pending delinquency matters to an adult detention facility upon the minor's seventeenth birthday. A transfer may occur only once the requisite factors are assessed.

The State concedes that section 5--410(2)(c)(v) of the Act now mandates individualized consideration of the factors enumerated therein, prior to transfer. The State goes on to assert, however, that Randall was provided the appropriate consideration in that he was not transferred to the county jail until after the trial court considered the requisite factors. Although the trial court did consider the factors outlined in section 5--410(2)(c)(v) of the Act, it did so only after Randall's attorney filed an emergency motion challenging Lake County's practice of automatically transferring minors with pending delinquency matters to the county jail upon their seventeenth birthdays. Absent the emergency motion, Randall would have been automatically transferred to the Lake County jail upon turning 17.

More important, we do not endorse the procedure that ultimately resulted in Randall's transfer to the county jail. We do not believe that a minor should be required to initiate a proceeding to prevent his or her transfer to a county jail. In fact, such a procedure is inconsistent with a similar

statute, which places the burden of initiating a transfer on a party other than the minor. Section 3--10--7 of the Unified Code of Corrections (Code) (730 ILCS 5/3--10--7 (West 2006)) sets forth the procedure for transferring from the Department of Juvenile Justice to the adult division of the Department of Corrections certain minors prosecuted under criminal law and sentenced under the Code. Pursuant to that statute, the Department of Juvenile Justice must, within 30 days of the minor's seventeenth birthday, notify the sentencing court and the State's Attorney when the minor will turn 17. 730 ILCS 5/3--10--7(a) (West 2006); see also 730 ILCS 5/5--8--6(c) (West 2006) ("[T]he Department of Juvenile Justice shall, after a juvenile has reached 17 years of age, petition the court to conduct a hearing pursuant to subsection (c) of Section 3--10--7 of this Code"). The court must then hold a hearing within 90 days of receipt of the notice, and the minor must be served with notice of the date of the hearing. 730 ILCS 5/3--10--7(a) (West 2006). Among other things, the statute also provides the minor with the right to counsel during the hearing. 730 ILCS 5/3--10--7(a) (West 2006). At the hearing, the trial court must consider "all available information which may bear upon the issue of transfer" and may rely on "[a]ll evidence helpful to the court in determining the question of transfer." 730 ILCS 5/3--10--7(c) (West 2006). In making its decision, the court must consider certain non-exclusive factors and include in its order a statement of reasons. 730 ILCS 5/3--10--7(c) (West 2006).

We conclude that a procedure similar to the one outlined in section 3--10--7 of the Code should be employed in applying the transfer provision set forth in section 5--410(2)(c)(v) of the Act, albeit in an expedited manner. As such, if the State deems a transfer appropriate, it may, within a reasonable time of the minor's seventeenth birthday, petition the court handling the minor's case to conduct a hearing pursuant to section 5--410(2)(c)(v) of the Act. Within a reasonable time of

receiving the State's petition, the court shall hold a hearing to determine whether the minor should be transferred to the county jail. Moreover, the minor shall be afforded the same procedural guarantees provided in section 3--10--7 of the Code, including the right to be notified of the date of the hearing and the right to have counsel present during the hearing. At the hearing, the trial court must consider the factors set forth in section 5--410(2)(c)(v) of the Act (705 ILCS 405/5--410(2)(c)(v) (West 2004)) as well as any other information that may bear upon the transfer issue. Finally, the court shall provide a statement of reasons explaining its ruling. We believe this procedure promotes one of the stated purposes of the Act, to provide "due process *** through which each juvenile offender and all other interested parties are assured fair hearings at which legal rights are recognized and enforced." 705 ILCS 405/5--101(1)(d) (West 2004).

We next address whether the Act prohibits confining in the general population of a county jail a minor with pending delinquency matters. Prior to discussing this matter, we set forth the statutory provisions relative to our analysis. Section 5--410(2)(c) of the Act (705 ILCS 405/5--410(2)(c) (West 2004)) provides in relevant part:

> "Except as otherwise provided in paragraph (a), (d), or (e), no minor shall be detained in a county jail or municipal lockup for more than 12 hours, unless the offense is a crime of violence in which case the minor may be detained up to 24 hours." 705 ILCS 405/5--410(2)(c) (West 2004).

Paragraph (a) (705 ILCS 405/5--410(2)(a) (West 2004)) states that "[n]o minor under 12 years of age shall be detained in a county jail or a municipal lockup for more than 6 hours." Paragraph (d) provides:

"(d)(i) If a minor 12 years of age or older is confined in a county jail in a county with a population below 3,000,000 inhabitants, then the minor's confinement shall be implemented in such a manner that there will be no contact by sight, sound or otherwise between the minor and adult prisoners. Minors 12 years of age or older must be kept separate from confined adults and may not at any time be kept in the same cell, room, or yard with confined adults. This paragraph (d)(i) shall only apply to confinement pending an adjudicatory hearing and shall not exceed 40 hours, excluding Saturdays, Sundays and court designated holidays. To accept or hold minors during this time period, county jails shall comply with all monitoring standards promulgated by the Department of Corrections and training standards approved by the Illinois Law Enforcement Training Standards Board.

(ii) To accept or hold minors, 12 years of age or older, after the time period prescribed in paragraph (d)(i) of this subsection (2) of this Section but not exceeding 7 days including Saturdays, Sundays and holidays pending an adjudicatory hearing, county jails shall comply with all temporary detention standards promulgated by the Department of Corrections and training standards approved by the Illinois Law Enforcement Training Standards Board.

(iii) To accept or hold minors 12 years of age or older, after the time period prescribed in paragraphs (d)(i) and (d)(ii) of this subsection (2) of this Section, county jails shall comply with all programmatic and training standards for juvenile detention homes promulgated by the Department of Corrections." 705 ILCS 405/5--410(2)(d) (West 2004).

Paragraph (e) provides:

"(e) When a minor who is at least 15 years of age is prosecuted under the criminal laws of this State, the court may enter an order directing that the juvenile be confined in the county jail. However, any juvenile confined in the county jail under this provision shall be separated from adults who are confined in the county jail in such a manner that there will be no contact by sight, sound or otherwise between the juvenile and adult prisoners." 705 ILCS 405/5--410(2)(e) (West 2004).

The Act defines an "adult" as "a person 21 years of age or older" (705 ILCS 405/1--3(2) (West 2004)) and a "minor" as "a person under the age of 21 years subject to this Act" (705 ILCS 405/1--3(10) (West 2004)). In addition, as noted previously, "delinquent minor" is defined as "any minor who prior to his or her 17th birthday has violated or attempted to violate, regardless of where the act occurred, any federal or State law, county or municipal ordinance." 705 ILCS 405/5--105(3) (West 2004).

Relying on the statutory provisions quoted above, Randall argues that at the time he was placed in the Lake County jail he was a "minor" 12 years of age or older. As such, even if he had been properly transferred to the Lake County jail, he should not have been housed in the same cell, room, or yard with confined adults and he should not have had any contact by sight, sound, or otherwise with the adult prisoners. The State does not dispute that the legislature placed certain limitations on contact between minors and adult prisoners at a county jail. However, the State contends that the legislature intended these restrictions as "three non-overlapping age categories with graduated levels of supervision and protection." Thus, the State asserts, section 5--410(2)(d) applies to persons 12 to 14 years of age, prohibits contact, and requires the jail to adhere to "certain program standards." Section 5--410(2)(e) applies to persons 15 to 16 years of age and prohibits contact.

Section 5--410(2)(c)(v) covers minors age 17 years and older and allows "unlimited confinement" in an adult detention facility. We reject the State's reading of the statute as it ignores the Act's plain language.

As noted above, section 5--410(2)(c) (705 ILCS 405/5--410(2)(c) (West 2004)) contains restrictions regarding (1) the amount of time a minor may be detained in a county jail and (2) with whom the minor may have contact while so confined. The issue we are asked to address concerns only the restrictions related to the latter category, and we limit our discussion to that realm. Generally, "[m]inors under 17 years of age shall be kept separate from confined adults and may not at any time be kept in the same cell, room or yard with adults confined pursuant to criminal law." 705 ILCS 405/5--410(2)(c)(v) (West 2004). This general rule is subject to two relevant exceptions, which we discuss below.[3] See 705 ILCS 405/5--410(2)(c) (West 2004).

The first exception, which is found in section 5--410(2)(d) of the Act (705 ILCS 405/5--410(2)(d) (West 2004)), applies to "a minor 12 years of age or older" who is "confined in a county jail in a county with a population below 3,000,000 inhabitants." Section 5--410(2)(d) forbids "contact by sight, sound or otherwise between the minor and adult prisoners," requires the minor to be "kept separate from confined adults," and prohibits the minor from being "kept in the same cell, room, or yard with confined adults." The second exception, which is found in section 5--410(2)(e)

---

[3] Section 5--410(2)(c) (705 ILCS 405/5--410(2)(c) (West 2004)) also lists a third exception, which appears in section 5--410(2)(a) of the Act (705 ILCS 405/5--410(2)(a) (West 2004)). As noted above, this exception limits the amount of time individuals under age 12 may be detained in a county jail. As this exception does not affect our analysis, we do not discuss it.

of the Act (705 ILCS 405/5--410(2)(e) (West 2004)), applies to "a minor who is at least 15 years of age" and who is "prosecuted under the criminal laws" of Illinois. Under section 5--410(2)(e), the trial court may enter an order directing the minor be confined in a county jail. 705 ILCS 405/5--410(2)(e) (West 2004). However, the minor must be "separated from adults who are confined in the county jail in such a manner that there will be no contact by sight, sound or otherwise between the juvenile and adult prisoners." 705 ILCS 405/5--410(2)(e) (West 2004).

In this case, the trial court found reasonable cause to believe that Randall was a delinquent minor. However, he was not prosecuted under criminal law. Thus, the exception set forth in section 5--410(2)(e) would not apply. We note, however, that Lake County has fewer than 3 million inhabitants. See http//:quickfacts.census.gov/qfd/states/17/17097.html. As a result, when there is reasonable cause to believe that he is a delinquent minor, an individual at least 12 years of age but less than 21 years of age who is confined in the Lake County jail must be kept separate from confined adults and must not have any contact by sight, sound, or otherwise with adult prisoners. Accordingly, we agree with Randall that even if he was properly transferred to the Lake County jail, he should have been confined separately from any adult prisoners.

As the foregoing discussion suggests, the State's claim that the legislature intended to create three nonoverlapping age categories is not supported by the plain language of the statute. Had the legislature so intended, it could have very easily drafted the statute to include categories with minimum and maximum ages. See Jaime P., 223 Ill. 2d at 538. It did not do so and we will not read such limitations into the statute. See In re Application of County Treasurer, No. 2--05--1209, slip op. at 9 (June 5, 2007) ("Where the language of the statute is clear, we may not read into it

exceptions that the legislature did not express and we will give it effect as written"). We also find that the State's position defies logic in that it would provide sight and sound separation for a minor over 15 years of age being prosecuted under criminal law but not for a minor over 17 years of age facing adjudication as a delinquent.

As a remedy, Randall requests that we enter an order requiring (1) the Hulse Detention Center to stop automatically transferring juveniles to the Lake County jail upon their seventeenth birthdays; (2) the Lake County juvenile court to comply with section 5--410(2)(c)(v) before placing a minor 17 years of age or older in the Lake County jail; and (3) the Lake County jail to keep all juveniles confined pursuant to the Act from contact by sight, sound, and otherwise with confined adults. We decline to enter such an order. We believe that this decision serves to provide the aforementioned institutions with the guidance necessary to correctly apply the relevant provisions of the Act. See In re Dorothy J.N., 373 Ill. App. 3d 332, 334-35 (2007) (noting that in applying public-interest exception, a court of review is given the opportunity to provide guidance with respect to the application of a statute).

For the reasons set forth above, we hold that section 5--410(2)(c)(v) of the Act (705 ILCS 405/5--410(2)(c)(v) (West 2004)) does not authorize the automatic transfer of a minor with pending delinquency matters to an adult detention facility upon the minor's seventeenth birthday. We further hold that a minor 17 years of age or older with pending delinquency matters who is housed in a county jail in a county with fewer than 3 million inhabitants must be separated from adult prisoners in accordance with the restrictions set forth in section 5--410 of the Act (705 ILCS 405/5--410 (West 2004)). Thus, we reverse the order of the circuit court of Lake County denying the emergency

motion to enjoin the automatic transfer of Randall from the Hulse Detention Center to the Lake County jail.

Reversed.

HUTCHINSON and CALLUM, JJ., concur.