132 P.3d 1255

STATE of Idaho, Plaintiff–Respondent,

v.

James HARVEY, Defendant–Appellant.

No. 31732.

Court of Appeals of Idaho.

March 24, 2006.

James D. Harvey, Caldwell, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Carol L. Chaffee, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

James Harvey appeals from the district court's order denying his motion to reconsider the district court's order denying an I.C.R. 35 motion to correct an illegal sentence. We affirm.

## I.

### FACTS AND PROCEDURE

In 1986, Harvey was sentenced to a determinate term of twenty years for lewd con-

duct with a minor under the age of sixteen. Following a period of retained jurisdiction, on November 10, 1986, the district court placed Harvey on probation for a period of seven years. On September 28, 1989, the state filed a petition alleging that Harvey had violated the conditions of his probation, in part because he had remained away from his place of residence and failed to inform his probation officer that he intended to change his residence. A warrant for Harvey's arrest was issued on the probation violation and was served in another state on December 9, 1989.

Harvey admitted to violating the terms of his probation. On March 9, 1990, the district court continued Harvey's probation and, as a condition thereof, ordered him to serve ninety days in jail. On March 22, the state filed a second petition for probation violation alleging that Harvey had escaped from jail. On March 23, the district court issued a warrant for Harvey's arrest, which was served on October 9, 1991, in another state. On December 6, the district court again ordered that Harvey's probation be continued. On March 24, 1992, the state filed its third petition for probation violation and a warrant was issued for Harvey's arrest. The warrant was served on Harvey in another state on April 15, 1997. On June 17, 1997, the district court revoked Harvey's probation and imposed his original sentence. Thereafter, the district court reduced Harvey's sentence to a determinate term of five years followed by an indeterminate term of fifteen years.

In December 2002, Harvey filed an I.C.R. 35 motion to correct an illegal sentence. Harvey contended that the maximum allowable period of probation at the time he was sentenced in 1986 was five years and therefore his probation expired on November 9, 1991. Alternatively, Harvey contended that, because his probationary period was for seven years and that term was never extended by the district court, his probation expired on November 9, 1993. Under either scenario,

Harvey urged that, at the time the district court revoked his probation in June 1997, it lacked jurisdiction to do so.[1]

The district court determined that, even assuming Harvey's period of probation could not exceed five years, Harvey was not entitled to relief because the probationary period was tolled during the periods after the district court issued warrants for Harvey's arrest until those warrants were served. The district court concluded that, because the time Harvey spent under probationary supervision was less than five years, the district court had jurisdiction to revoke Harvey's probation in June 1997. The district court therefore denied Harvey's motion. Harvey filed a motion to reconsider, which the district court also denied. This appeal followed.

## II.

### ANALYSIS

Pursuant to Rule 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson,* 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct.App.1993); *State v. Rodriguez,* 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct.App. 1991). Under the statutory framework that Harvey contends was applicable at the time he was placed on probation, the period of probation could not exceed five years.[2] *See* 1986 Idaho Sess. Laws, ch. 311, § 1. For the purposes of argument, the district court accepted Harvey's assertion that the five-year limitation applied. Relying on *State v. Duncan,* 15 Or.App. 101, 514 P.2d 1367 (1973), the district court determined that the five-year limitation controlled the aggregate period of probation that the court could grant,

---

1. In February 2003, Harvey filed an I.C.R. 35 motion to correct an illegal sentence alleging that, when the district court reduced his sentence in 1997, it erred by not applying the 1986 sentencing statutes. By stipulation of the parties, Harvey's sentence was corrected to an indeterminate term of fifteen years.

2. Under the current version of I.C. § 20–222, the period of probation shall not exceed the maximum period for which the defendant might have been imprisoned.

either in the first instance or by continuations and extensions.

On appeal, Harvey contends that, because Idaho statutes do not specifically indicate that the period of probation is tolled while the probationer is absent from supervision, the district court erred by tolling his probationary period. Harvey also asserts that tolling extended his probation without notice and hearing in violation of his right to due process.

## A. Statutory Construction

At any time during probation, the court may issue a warrant for violation of any of the conditions of probation and cause the defendant to be arrested. I.C. § 20–222. Thereupon, the court may revoke or continue probation. I.C. § 20–222. Harvey argues that, because his probationary period expired in November 1991, the district court was without jurisdiction to issue the third warrant for his arrest in 1992 or to revoke his probation in 1997.

■ This Court exercises free review over the application and construction of statutes. *State v. Reyes,* 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct.App.2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode,* 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight,* 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar,* 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct.App.2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight,* 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar,* 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode,* 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is

incumbent upon a court to give a statute an interpretation, which will not render it a nullity. *State v. Beard,* 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct.App.2001). Constructions of a statute that would lead to an absurd result are disfavored. *State v. Doe,* 140 Idaho 271, 275, 92 P.3d 521, 525 (2004); *State v. Yager,* 139 Idaho 680, 690, 85 P.3d 656, 666 (2004).

■ Whether the probationary period is tolled while a probationer is absent from probationary supervision is an issue of first impression for Idaho courts. Accordingly, we examine decisions from other jurisdictions, which have considered tolling of the probationary period. As a general principle, a probationary period is tolled while the probationer is not subject to the jurisdiction of the court. *City of Spokane v. Marquette,* 146 Wash.2d 124, 43 P.3d 502, 505 (2002). Idaho Code Section 20–222 does not explicitly provide for such tolling of the probationary period. Nevertheless, contrary to Harvey's assertion, we do not find the lack of explicit statutory tolling language to be controlling.

In *United States v. Crane,* 979 F.2d 687 (9th Cir.1992), the defendant contended that, because the relevant statute did not indicate supervised release could be revoked so long as proceedings were initiated during the supervisory period, the tolling rule could not be applied to his case. The Ninth Circuit Court of Appeals concluded that such specific language was not required to toll a period of parole or supervised release while the defendant was in fugitive status. *See id,* 979 F.2d at 691. The court determined that to hold otherwise would reward those who flee from bench warrants and maintain their fugitive status until expiration of the original term of supervised release. *Id.*

In a case factually similar to Harvey's, *State v. Hackett,* 363 S.C. 177, 609 S.E.2d 553 (Ct.App.2005), the defendant was placed on a five-year period of probation. Thirteen months later, the defendant violated his probation and a warrant was issued for his arrest, which was served approximately three and one-half years later. Following a hearing on the probation violation, the trial court continued the defendant's probation

and ordered that the probationary period be tolled from the issuance of the arrest warrant until the date of the hearing. Shortly thereafter, another arrest warrant was issued for probation violation and, approximately two years later, the trial court again continued the defendant's probation. Four months later, a third arrest warrant was issued and the court revoked the defendant's probation.

On appeal, the defendant argued that his probation had expired five years from the date he was placed on probation and that the trial court erred by tolling the probationary period. The appellate court noted that, although the relevant statute did not specifically authorize tolling of probation, neither did it prohibit tolling of the probationary period. *Hackett,* 609 S.E.2d at 554–55. The court stated that it would be unreasonable to conclude that a probationer could violate conditions of probation and keep the clock running at the same time, thereby annulling both the principle and purpose of probation. *Id.* at 556. The court further concluded that it would lead to an absurd result to allow a probationer who is initially spared from revocation of probation to then abscond from supervision and to escape any further punishment, free and clear of all consequences, as long as he or she manages to elude apprehension for a set amount of time. *Id.* Therefore, the appellate court held that the trial court properly tolled the defendant's probationary period from the time an arrest warrant was issued until the hearing was held and probation was continued. *See id.*

Here, during each of the periods in question, the state had filed a petition alleging a probation violation, an arrest warrant had been issued, and Harvey had absconded from the court's supervision. The purpose of probation is rehabilitation. *State v. McCool,* 139 Idaho 804, 807, 87 P.3d 291, 294 (2004); *State v. Dana,* 137 Idaho 6, 8, 43 P.3d 765, 767 (2002). Additionally, the defendant's rehabilitation should be fostered while protecting public safety. *State v. Wardle,* 137 Idaho 808, 810, 53 P.3d 1227, 1229 (Ct. App.2002). The purpose of probation is frustrated when the probationer eludes the court's supervision. *Marquette,* 43 P.3d at 505. A probationer's willful violation of the conditions of probation is a wrongful act and is contrary to the concept of effective, ongoing probationary supervision. *Gage v. State,* 702 P.2d 646, 647 (Alaska Ct.App.1985). Where a petition formally charging a probationer with committing a violation was filed and the court subsequently determined that the alleged violation was in fact committed, there could be no legitimate justification for allowing the probationer to claim credit for time served on probation between filing a petition alleging probation had been violated and the petition's ultimate adjudication. *Herrin v. State,* 93 P.3d 477, 478 (Alaska Ct.App.2004); *Gage,* 702 P.2d at 647–48.

To determine that the tolling rule did not apply in this case and that the district court's jurisdiction over Harvey had expired would lead to a patently absurd result and nullify legislative intent that probation rehabilitate the defendant while protecting society. We therefore conclude that the Idaho legislature could not have intended for a probationer to have the ability to avoid the conditions of probation entirely by absconding from supervision until the probationary period expired. Thus, we hold that a probationary period is tolled from the date probation revocation proceedings are commenced until probation is continued or revoked. We further hold that so long as probation revocation proceedings are commenced during the period of probation, the court acts within its authority set forth in I.C. § 20–222 to revoke or continue probation.

**B. Computation of Probationary Period**

The district court concluded that Harvey's probationary period was tolled from the time arrest warrants were issued until those warrants were served. However, the time Harvey spent in confinement awaiting the disposition of alleged probation violations was not served voluntarily as a condition of probation. *See State v. Albertson,* 135 Idaho 723, 725, 23 P.3d 797, 799 (Ct.App.2001). Thus, the district court should not have counted that time toward completion of Harvey's probationary period. Instead, it must be credited against Harvey's term of imprisonment. *See id.*

■ Tolling the probationary period from the date probation revocation proceedings are commenced until probation is continued or revoked furthers the goal of rehabilitation by assuring that a defendant is subject to probationary conditions and supervision for the period of time set by the court. Therefore, we conclude that Harvey's probationary period was tolled for approximately four months between the commencement of probation violation proceedings in September 1989 and the district court's continuation of Harvey's probation in March 1990. Similarly, Harvey's probationary period was tolled for approximately twenty months between the commencement of probation violation proceedings in March 1990 and the district court's continuation of Harvey's probation in December 1991. Additionally, Harvey is not entitled to credit toward his probation for the period following the commencement of probation violation proceedings in March 1992. Thus, between the district court's order placing Harvey on probation in November 1986 and the district court's revocation of Harvey's probation in June 1997, he had been under probationary supervision for approximately three and one-half years.

Assuming, without deciding, that Harvey could not be sentenced to more than five years of probation, that period had not expired at the time the district court revoked Harvey's probation and imposed his sentence. Accordingly, the district court did not err by determining that it retained jurisdiction to revoke Harvey's probation in June 1997.

## C. Due Process

Harvey asserts that application of the tolling rule to his case results in an extension of his period of probation. Harvey contends that, before the district court could extend his probationary period, it was required to provide him with procedural safeguards such as notice and a hearing.

■ A trial court may extend a period of probation. I.C. § 20–222. A probationer has a protected liberty interest in continuing his or her probation. *State v. Blake,* 133 Idaho 237, 243, 985 P.2d 117, 123 (1999). Before probation may be revoked, due pro-

cess requires a hearing giving the probationer a reasonable opportunity to examine and rebut adverse evidence and to cross-examine hostile witnesses. *State v. Wilson,* 127 Idaho 506, 510, 903 P.2d 95, 99 (Ct.App.1995).

■ Even assuming that the procedural safeguards applicable to probation revocation apply equally to extension of probation, we conclude that application of the tolling rule did not extend Harvey's probationary period. To "toll" means to stop the running of a time period. *See* BLACK'S LAW DICTIONARY 1525 (8th ed.2004). Thus, the first two times probation violation proceedings were commenced, Harvey's probationary period stopped running until his probation was continued. The probationary period again stopped running once the third petition for probation violation was filed. The district court did not extend Harvey's period of probation because the original probationary period had not yet been completed. Therefore, Harvey's right to due process was not violated by the district court's application of the tolling rule to his case.

## III.

## CONCLUSION

Harvey's period of probation was tolled for the periods between commencement of the first two probation violation proceedings until the district court ordered that Harvey's probation be continued. Further, Harvey's probationary period stopped running after commencement of the third probation violation proceedings. Accordingly, the district court had jurisdiction to revoke Harvey's probation in June 1997. The district court's order denying Harvey's motion to reconsider the district court's order denying the Rule 35 motion for correction of an illegal sentence is affirmed.

Judge LANSING and Judge GUTIERREZ concur.