**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 32575**

| | | |
|---|---|---|
| IN THE MATTER OF JOHN DOE, a Child Under Eighteen (18) Years of Age. | ) ) ) | |
| STATE OF IDAHO, | ) ) | **2007 Opinion No. 5** |
| Plaintiff-Respondent, | ) ) | **Filed: February 15, 2007** |
| v. | ) ) | **Stephen W. Kenyon, Clerk** |
| JOHN DOE, | ) ) | |
| Defendant-Appellant. | ) ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Renae J. Hoff, District Judge. Hon. William B. Dillon, Magistrate.

Order of the district court, on appeal from the magistrate, affirming decree that juvenile fell within the purview of the Juvenile Corrections Act, <u>affirmed</u>.

Wiebe & Fouser, Caldwell, for appellant. John C. Berrera argued.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent. Lori A. Fleming argued.

PERRY, Chief Judge

John Doe, a minor, appeals from the intermediate appellate order of the district court affirming the magistrate's decree that Doe fell within the purview of the Juvenile Corrections Act (JCA) for two counts of malicious injury to property. For the reasons set forth below, we affirm.

## I.

### FACTS AND PROCEDURE

Thirteen-year-old Doe, his brother, and a friend were walking through a weed-covered field adjacent to an apartment complex. Doe's brother produced a cigarette lighter and proceeded to light on fire, and then extinguish, several weeds. Doe took control of the lighter and also began lighting weeds on fire. The fire ignited by Doe grew out of control and the trio

1

was unable to extinguish it.  Doe and his companions ran to a nearby community center to phone for the fire department.  Even though the fire department was contacted, it was too late to stop the adjacent apartment complex from catching on fire and being destroyed in the ensuing conflagration.  When questioned about the fire, Doe initially claimed someone else had caused the fire.  Doe eventually admitted that he started the fire by intentionally burning the weeds in the adjacent field.

The state filed a petition alleging that Doe fell under purview of the JCA, followed by an amended petition.  The amended petition alleged Doe committed two counts of malicious injury to property, I.C. § 18-7001, for the destruction of the apartment building and the personal property of one of the apartment's tenants.  Doe entered a denial of the allegations.  An evidentiary hearing was held, and the magistrate found Doe to be within the purview of the JCA for both counts.  Doe filed a motion challenging the sufficiency of the evidence which was denied by the magistrate.  Doe appealed the denial to the district court.  The district court affirmed the decree of the magistrate finding Doe to be within the purview of the JCA.  Doe again appeals.

## II.

## ANALYSIS

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the magistrate independently of, but with due regard for, the district court's intermediate appellate decision. *In re Doe,* 133 Idaho 811, 813, 992 P.2d 1211, 1213 (Ct. App. 1999).  Appellate review of the sufficiency of the evidence is limited in scope.  A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991).  We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985).  Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## A. Ownership of Property

Idaho Code Section 18-7001 provides that it is a crime when an individual maliciously injures or destroys any real or personal property that is not his or her own. The crime is a felony if the damage resulting from the injury or destruction of property exceeds $1000. I.C. § 18-7001. Doe first asserts the magistrate erred in failing to grant his motion challenging the sufficiency of the evidence on the grounds that the state failed to prove beyond a reasonable doubt that Doe was not the owner of the property destroyed.

In the proceedings below, it was never disputed that Doe did not own any of the property destroyed. We note also that this was not an issue raised by Doe before the district court in his initial appeal. Upon review of the record, we determine that the magistrate, as the trier of fact, was presented with sufficient evidence to conclude that Doe was not the owner of the property destroyed in the fire caused by his actions. Therefore, there was substantial evidence for the magistrate to have found the prosecution sustained its burden of proving Doe destroyed property that was not his own.[1]

## B. Malicious Intent

Doe also argues that the state failed to demonstrate the element of malice at trial, as required by I.C. § 18-7001, because no evidence was produced to prove Doe intended to injure or destroy the apartment complex or the personal property within. The word "maliciously" is defined by I.C. § 18-101(4) to mean either a wish to vex, annoy, or injure another person. Alternatively, the term "malice" or "maliciously" may also mean any intent to do a wrongful act. I.C. § 18-101(4). This Court has previously interpreted the use of the term "maliciously" in I.C. § 18-7001 to mean that culpability for malicious injury to property exists when the defendant's injurious conduct is accompanied by an intent to injure the property of another. *See State v. Nastoff,* 124 Idaho 667, 670, 862 P.2d 1089, 1092 (Ct. App. 1993).

In *Nastoff,* the defendant was found guilty of felony malicious injury to property after the state established at trial that his illegally-modified chainsaw ignited a five-acre forest fire, destroying timber on state and private lands. At trial and on appeal, the state argued that the

---

[1] The dissent bases it analysis primarily on what constitutes "property." The definition of "property" and its applicability here was not an issue raised by Doe, briefed by the parties, or presented to this Court. Therefore, we decline to reverse the actions of the lower court using this novel approach.

illegal use of the modified chainsaw qualified as a "wrongful act" under I.C. § 18-101(4) and therefore the defendant was acting "maliciously" within the meaning of I.C. § 18-7001. Although wrongful, and possibly negligent, we determined the illegal modification of the chainsaw was not an act intended to set fire to the timber and consequently did not satisfy I.C. § 18-7001. Therefore, this Court held that the requirement of malice in I.C. § 18-7001 could not be met through the defendant's actions. Accordingly, we determined that the defendant could not be found guilty of the crime charged.

Here, similar to *Nastoff*, Doe never intended to damage the apartment complex or the personal property inside via the wrongful act of burning the weeds. However, unlike *Nastoff*, Doe's wrongful act in this case was an intentional injury to another party's property, as opposed to some other wrongful act unrelated to property destruction. Doe's wrongful act of injury to one party's property, then led to the destruction of what appears to be a different party's property.[2] The issue before this Court is whether the intentional act of injuring property, other than one's own, can meet the required element of malice in a charge of malicious injury to property for injury to *some other* property, which was neither the intended target of the original action nor a related property.

Idaho Code Section 18-114 requires that "in every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence." Guilt of a crime, then, requires the occurrence of the requisite mental condition, such as intent or negligence, combined with the prohibited act or end result. *Nastoff,* 124 Idaho at 670, 862 P.2d at 1092. Under the doctrine of "transferred intent," the requisite mental state may be transferred within the limits of the same crime. *Nastoff,* 124 Idaho at 670, 862 P.2d at 1092; *see also State v. Clokey,* 83 Idaho 322, 333, 364 P.2d 159, 166 (1961); *State v. Billings,* 137 Idaho 827, 830, 54 P.3d 470, 473 (Ct. App. 2002); 1 W. LAFAVE, SUBSTANTIVE CRIMINAL LAW, § 5.2(c) (2d ed. 2003). For example, A's intent to kill B may be transferred to his inadvertent killing of C for the purposes of prosecuting A with criminal homicide. *See Nastoff,* 124 Idaho at 670, 862 P.2d at 1092. Although, under this same hypothetical scenario, A's intent would be insufficient to meet the intent element of malicious injury to property if A's efforts to kill B resulted inadvertently in the destruction of C's property. *See id.*

4

The intent that could be demonstrated in *Nastoff*, to use an illegally-modified chainsaw, was not within the limits of the crime of malicious injury to property and could not satisfy the malice element of I.C. § 18-7001. *Id.* at 670-71, 862 P.2d at 1092-93. Therefore, the doctrine of transferred intent could not be applied in *Nastoff.* The instant case, however, presents a situation distinguishable from *Nastoff.*

Doe intended to destroy the property of another with malice. We recognize that there is no evidence in the record demonstrating Doe intended to destroy the apartment complex. However, his intent to injure property in the field may be transferred to the ultimate destruction of the apartment building as this result is within the limits of the same crime--malicious injury to property. The state was not required to prove Doe intended to destroy the apartment complex and the personal effects inside. The state need only prove that Doe's intentional injury to property other than his own resulted in the ultimate destruction of the apartment complex. Therefore, the magistrate did not err in finding that Doe fell within the purview of the JCA.

C. **Applicability of I.C. § 18-7001**

For the first time on appeal, Doe asserts that I.C. § 18-7001 is not applicable under the facts of his case. Doe argues that, according to the language of I.C. § 18-7001, the statute only applies to destruction of property in "cases otherwise than such as are specified in this code." Doe interprets this statutory language to mean that, because his actions fell under another criminal statute (specifically I.C. § 18-7004, firing timber or prairie lands) the state erred in charging him with the crime of malicious injury to property under I.C. § 18-7001.

Idaho Criminal Rule 12(b)(2) applies to juvenile proceedings through Idaho Juvenile Rule 21. Any objections based on defects in a charging document are waived unless raised prior to trial. *See* I.C.R. 12(b)(2); *see also State v. Jones,* 140 Idaho 755, 758, 101 P.3d 699, 702 (2004). The only exception is if the objection alleges either the charging document fails to establish jurisdiction or fails to charge an offense. I.C.R. 12(b)(2); *Jones,* 140 Idaho at 758, 101 P.3d at 702.

Here, Doe alleges the state failed to allege an offense that is applicable to the facts of the case. Although Doe does not explicitly say as much in his brief on appeal, this issue is

<hr>

[2] The record does not indicate who the owner of the field was in which the fire was

ultimately an objection based on an alleged defect in the state's petition charging him with criminal offenses under I.C. § 18-7001. Doe does not challenge the district court's jurisdiction over the case, nor does he argue the state failed to allege a specific offense. Therefore, Doe's objection to any defect in the state's petition has been waived.

## III.

## CONCLUSION

Doe maliciously and intentionally destroyed the property of another by setting fire to the weeds in the field. Although he did not desire the destruction of the apartment complex, Doe's intent to destroy the property in the field is transferred to the ultimate destruction of the apartment complex. There was sufficient evidence presented by the state, including Doe's own admission of igniting the fire, to prove the element of malice and thus sustain the decree that he fell under the purview of the JCA for malicious injury to property. Therefore, the magistrate did not err in denying Doe's motion challenging the sufficiency of the evidence. Furthermore, Doe's objection to alleged defects in the state's petition is deemed waived as he did not raise it prior to the evidentiary hearing. Accordingly, we affirm the district court's order affirming the magistrate's decree that Doe fell within the purview of the Juvenile Corrections Act for two counts of malicious injury to property.

Judge GUTIERREZ, **CONCURS.**

Judge LANSING, **DISSENTING**

I respectfully dissent. There is something surreal about adjudicating a thirteen-year-old boy guilty of an offense that, for an adult, would be a *felony*, for lighting a dead weed on fire. There is little doubt that John Doe's act of burning the dry weed on a weed-covered, vacant lot on a July day was negligence. It ultimately led to a conflagration that damaged the nearby apartment building, and civil liability almost certainly should attach. The question before us, however, is not whether Doe should be liable to the owner of the apartment building for his negligence, but whether he committed the criminal act of malicious injury to property.

---

initially started.

It was the State's burden in this case to prove that Doe maliciously injured or destroyed real or personal property belonging to another. I.C. § 18-7001. As the majority opinion explains, the definition of "maliciously" includes "an intent to do a wrongful act." I.C. § 18-101(4). The necessary intent is the intent to knowingly perform the interdicted act. *See State v. Nastoff*, 124 Idaho 667, 670, 862 P.2d 1089, 1092 (Ct. App. 1993). Under I.C. § 18-7001, the interdicted act is the act of injuring or destroying of the property of another. *Id.*; *State v. Nunes*, 131 Idaho 408, 958 P.2d 34 (Ct. App. 1998).

The State concedes that Doe harbored no intent to burn the apartment building. To the contrary, when Doe and his friends lost control of the fire, they ran for help to try to prevent such destruction. Nevertheless, as the majority opinion states, if Doe possessed the requisite criminal intent to destroy the property of another when he lit the weed afire, that intent may be "transferred" to the ultimate destruction of the apartment building. The hurdle that I believe the State did not surmount was the burden to prove that Doe possessed the requisite criminal intent to destroy the "property" of another when he burned a weed. If not, then there was no criminal intent to "transfer."

This case thus raises the question of what constitutes "property" within the meaning of I.C. § 18-7001, which specifies that any person who maliciously injures or destroys "any real or personal property not his own" is guilty of a crime.[3] (It is a felony if the value of the property destroyed is more than $1,000, otherwise a misdemeanor.) When courts interpret the words of a statute, they are called upon to give the statute a meaning that will avoid absurd results. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004); *State v. Harvey*, 142 Idaho 727, 730, 132 P.3d 1255, 1258 (Ct. App. 2006); *State v. Teasley*, 138 Idaho 113, 116, 58 P.3d 97, 100 (Ct. App. 2002). I believe that maxim is violated when the word "property" in I.C. § 18-7001 is interpreted to include a dry weed. According to the position taken by the State in this case and adopted by the majority of this Court, any act of destroying a weed, dead or alive, rooted or lying on the ground, that is not located on one's own property is, at the least, a misdemeanor. During oral argument in this case I asked the Deputy Attorney General whether an individual who,

---

[3] The majority opinion states that by considering whether a weed constitutes property I am addressing an issue not raised by the parties. However, the State has argued for application of the doctrine of transferred intent. That argument necessarily requires consideration of whether Doe possessed criminal intent when he burned the weed.

walking along a public sidewalk, sees a weed growing in a neighbor's flowerbed and, thinking to be helpful and improve the appearance of the flowerbed, bends down and pulls the weed, has thereby committed misdemeanor malicious injury to property. She avoided a direct answer to this question, but offered no explanation why, under the State's theory here, such weed-pulling would not constitute a crime. It would seem that the same could be said for a citizen in a public park who, thinking to clean up the park, picks up and destroys a piece of paper that accidentally fell from another person's pocket.

In my view, these are absurd results that could be avoided by ascribing to the word "property," as used in section 18-7001, a commonsense meaning limiting it to items that have *some* value.[4] Perhaps it should not be limited to monetary value--it could encompass sentimental or emotional or spiritual value--but attaching criminality to the destruction of such a valueless, useless, and unwanted item as a dead weed is, in my view, an absurdity that should not be endorsed by Idaho courts.

Accordingly, I would hold that the State failed to prove that John Doe intended to destroy another person's "property" and therefore did not satisfy the elements of the crime defined in I.C. § 18-7001.

---

[4]    It is noteworthy that under Idaho's theft statute, "property" subject to theft is limited to "anything of value." I.C. § 18-2402(8). While that definition of property does not apply outside of the crimes defined in chapter 24, title 18 of the Idaho Code, it does disclose a commonsense legislative judgment that criminal liability ought not attach to the taking of an utterly valueless, useless item.