208 P.3d 730

**In the Interest of John Doe, Formerly Under 18 Years of Age.**

**STATE of Idaho, Plaintiff–Respondent,**

v.

**John DOE, Defendant–Appellant.**

No. 34674.

Supreme Court of Idaho,
Boise, December 2008 Term.

Jan. 21, 2009.

Alan E. Trimming, Ada County Public Defender, Boise, for appellant. N. Gene Alexander argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Ken Jorgensen argued.

HORTON, Justice.

This appeal arises from an order by a juvenile court denying Doe's motion to dismiss the State's petition for a probation violation for lack of jurisdiction. Doe appeals the district court's decision affirming the magistrate's order. We reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

When he was seventeen years old, Doe was charged under the Juvenile Corrections Act (J.C.A.) and admitted to committing battery of an unspecified sexual nature. He was placed on intensive probation on August 13, 2003. On June 6, 2006, the magistrate amended the order of probation, ordering formal probation for a period not to exceed Doe's twenty-first birthday. The conditions of Doe's probation prohibited him from having contact with sexually explicit material or pornography and contact with alcohol.

On October 4, 2006, Doe admitted to his probation officer that on September 26, 2006, while at his mother's house, he looked at pornography on the internet and consumed alcohol. On October 13, 2006, the State filed a petition alleging that Doe had violated the terms of his probation. Doe turned twenty-one on November 4, 2006. On November 14, 2006, the magistrate court issued a summons ordering Doe to appear for an admit/deny hearing. On November 20, 2006, Doe appeared at the hearing and denied the allegations of probation violation.

On January 19, 2007, Doe filed a motion to dismiss the petition, arguing that I.C. § 20–507 terminated the court's jurisdiction when he turned twenty-one years of age. At a January 31, 2007 hearing, the magistrate orally denied Doe's motion to dismiss, and on March 19, 2007, the magistrate issued a written order denying Doe's motion to dismiss. On February 5, 2007, Doe moved for permission to appeal the order denying his motion to dismiss. On March 19, 2007, the magistrate entered an order permitting Doe to appeal. Doe filed his notice of appeal that same day. On September 4, 2007, the district court affirmed the decision of the magistrate court. Doe timely appealed to this Court.

## II. STANDARD OF REVIEW

When reviewing a decision of the district court acting in its appellate capacity, this Court reviews the trial court's record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Losser v. Bradstreet,* 145 Idaho 670, 672, 183 P.3d 758, 760 (2008) (quoting *Nicholls v. Blaser,* 102 Idaho 559, 561, 633 P.2d 1137, 1139 (1981)). If the district court affirmed the magistrate's decision because the magistrate's findings are so supported and its conclusions follow therefrom, then, as a matter of procedure, this Court affirms the district court's decision. *Id.* This Court exercises free review over the interpretation of a statute and its application to the facts. *State v. Yzaguirre,* 144 Idaho 471, 474, 163 P.3d 1183, 1186 (2007) (citing *VFP VC v. Dakota Co.,* 141 Idaho 326, 331, 109 P.3d 714, 719 (2005)). Whether a court lacks jurisdiction is a question of law over which this Court exercises free review. *State v. Jones,* 140 Idaho 755, 757, 101 P.3d 699, 701 (2004).

328

The object of statutory interpretation is to give effect to legislative intent. *Yzaguirre,* 144 Idaho at 475, 163 P.3d at 1187 (citing *Robison v. Bateman–Hall Inc.,* 139 Idaho 207, 210, 76 P.3d 951, 954 (2003)). The literal words of the statute provide the best guide to legislative intent, and therefore, the interpretation of a statute must begin with the literal words of the statute. *Id.* The plain meaning of a statute will prevail unless clearly expressed legislative intent is contrary or unless the plain meaning leads to absurd results. *Id.* (citing *Gillihan v. Gump,* 140 Idaho 264, 266, 92 P.3d 514, 516 (2004)). This Court gives the words of a statute their plain, usual, and ordinary meaning. *State v. Hart,* 135 Idaho 827, 829, 25 P.3d 850, 852 (2001) (citing *Hoskins v. Howard,* 132 Idaho 311, 315, 971 P.2d 1135, 1139 (1998)). Moreover, this Court must consider all sections of applicable statutes together to determine the intent of the legislature. *Davaz v. Priest River Glass Co., Inc.,* 125 Idaho 333, 336, 870 P.2d 1292, 1295 (1994) (citing *Magnuson v. Idaho State Tax Comm'n,* 97 Idaho 917, 920, 556 P.2d 1197, 1200 (1976)).

If the language of a statute is capable of more than one reasonable construction it is ambiguous. *Carrier v. Lake Pend Oreille Sch. Dist. No. 84,* 142 Idaho 804, 807, 134 P.3d 655, 658 (2006). "When a statute is ambiguous, 'it must be construed to mean what the legislature intended it to mean. To determine that intent, we examine not only the literal words of the statute, but also the reasonableness of proposed constructions, the public policy behind the statute, and its legislative history.'" *Hayden Lake Fire Protection Dist. v. Alcorn,* 141 Idaho 388, 398–99, 111 P.3d 73, 83–84 (2005) (quoting *State v. Schwartz,* 139 Idaho 360, 362, 79 P.3d 719, 721 (2003)).

### III. ANALYSIS

By operation of I.C. § 20–505, the trial court had "exclusive, original jurisdiction" over Doe when he was charged with committing a battery while under the age of eighteen. I.C. § 20–505(2). Neither party contests the juvenile court's jurisdiction over Doe while he was a minor; rather, the parties disagree whether the juvenile court's jurisdiction over Doe terminated when he turned twenty-one years of age by operation of I.C. § 20–507.

Idaho Code § 20–507 provides, in pertinent part, that "[j]urisdiction obtained by the court in the case of a juvenile shall be retained by it for the purposes of this act until he becomes twenty-one (21) years of age, unless terminated prior thereto." Based upon this provision, Doe asserts that the juvenile court's jurisdiction terminated when he became twenty-one and thus, the petition for probation violation must be dismissed.

The State responds that this case should be decided by analogy to the reasoning in *State v. Harvey,* 142 Idaho 727, 132 P.3d 1255 (Ct.App.2006). The State further argues that Doe's interpretation of I.C. § 20–507 is inconsistent with other provisions of the J.C.A. that authorize juvenile courts to exercise jurisdiction over adults. Finally, the State asserts that Doe's interpretation of I.C. § 20–507 leads to a "palpably absurd result" because no court would have jurisdiction to adjudicate Doe's alleged probation violation and Doe would go unpunished, despite the fact that he violated his probation.

In *Harvey,* the Court of Appeals considered the case of a probationer who appeared determined not to submit to supervision. In 1986, following a period of retained jurisdiction, Harvey was placed on probation. For purposes of analysis, the Court of Appeals applied the version of I.C. § 20–222 in effect at the time of Harvey's original sentencing. This statute provided that the maximum period of probation, including extensions, was five years.[1] In September 1989, the district court issued a warrant for Harvey's arrest based upon the State's petition alleging probation violations. Harvey was arrested in another state in December 1989. After Harvey admitted violating the terms of probation, the district court continued probation and ordered Harvey to serve ninety days in

---

1. The 1986 Legislature amended I.C. § 20–222 to its current form. *See* 1986 Idaho Sess. Laws, ch. 311, § 1. The statute now provides that the period of probation shall not exceed the maximum period for which the defendant might have been imprisoned.

jail. In March 1990, the district court issued another warrant upon the State's petition alleging that Harvey had violated probation by escaping from jail. Harvey was arrested out of state in October 1991. In December 1991, Harvey was again placed on probation. In March 1992, the district court issued another warrant following the State's third petition for probation violation. Harvey was not arrested until April 1997, when he was again found in another state. This time the district court revoked Harvey's probation and in June 1997 the court ordered Harvey to serve a twenty year prison term, with five years fixed.

In 2002, Harvey filed an I.C.R. 35 motion to correct an illegal sentence. He argued that when the district court revoked his probation, it lacked jurisdiction to do so. Interpreting I.C. § 20–222, the Court of Appeals determined that a probationary period is tolled "from the date probation revocation proceedings are commenced until probation is continued or revoked." 142 Idaho at 731, 132 P.3d at 1259. The Court of Appeals reasoned that not applying the tolling rule would lead to a patently absurd result "nullify[ing] legislative intent that probation rehabilitate the defendant while protecting society" and that "the Idaho legislature could not have intended for a probationer to avoid the conditions of probation entirely by absconding from supervision until the probationary period expired." *Id.* at 731, 132 P.3d at 1259.

The *Harvey* decision reflects one salient fact: I.C. § 20–222 does not contain language that explicitly defines the duration of the trial court's jurisdiction. Thus, the Court of Appeals appropriately fulfilled its "duty to ascertain the legislative intent and give effect to that intent." *Id.* at 730, 132 P.3d at 1258 (citing *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999)).

Although there is superficial appeal in the State's invitation to apply *Harvey* because the State filed the petition prior to the termination of Doe's probation, this approach is inconsistent with our approach to statutory interpretation. As previously observed, our interpretation of a statute begins with the literal words of the statute. Idaho Code § 20–507 provides that the juvenile court's

jurisdiction "shall be retained by it for the purposes of this act until he becomes twenty-one (21) years of age, unless terminated prior thereto." The plain language of the statute indicates that a juvenile court ceases to retain jurisdiction, i.e., jurisdiction is terminated, once the juvenile reaches twenty-one years of age.

■ The State argues that Doe's interpretation of I.C. § 20–507 is inconsistent with other provisions of the J.C.A. that permit the juvenile court to exercise jurisdiction over adults, those over the age of eighteen. I.C. § 20–502(1). Specifically, the State argues that Doe's interpretation of I.C. § 20–507 is inconsistent with I.C. §§ 20–508(1)(c), 20–508(1)(d), and 20–508(9). The first two provisions relate to the waiver of the exclusive, original jurisdiction of the juvenile court and the latter relates to the transfer of cases to courts in the offenders' home counties. The use of the word "adult" in these provisions is not inconsistent with the operation of I.C. § 20–507 to terminate the jurisdiction of a juvenile court once the adult reaches twenty-one years of age. This Court harmoniously construes statutes relating to the same subject whenever possible. *Edwards v. Indus. Comm'n of State*, 130 Idaho 457, 461, 943 P.2d 47, 51 (1997). These statutes may be read together as conferring juvenile court jurisdiction over an adult until the adult reaches twenty-one years of age or until another terminating event delineated in I.C. § 20–507 occurs.

■ Finally, the State argues that Doe's interpretation of I.C. § 20–507 leads to an absurd result because Doe will go unpunished for any violation of the terms of his probation. While it is true that Doe will escape punishment for his alleged probation violation, this is a policy consideration we are unable to consider in the instant case. The language of the statute is unambiguous. We are not free to rewrite a statute under the guise of statutory construction. *State v. Lindquist*, 99 Idaho 766, 770, 589 P.2d 101, 105 (1979). The State's policy arguments are best directed to the legislature, which has the power to amend I.C. § 20–507.

We conclude that under the plain language of I.C. § 20–507, the juvenile court's jurisdiction terminated when Doe reached twenty-one years of age. This conclusion is consistent with that reached by another supreme court addressing a similar issue. In the case *In re Jaime P.*, 223 Ill.2d 526, 308 Ill.Dec. 393, 861 N.E.2d 958, 960 (2006), the juvenile court placed a seventeen year old child on probation after she admitted committing aggravated arson. The statute governing the jurisdiction of the juvenile court provided in relevant part: "The period of probation or conditional discharge shall not exceed 5 years or until the minor has attained the age of 21 years, whichever is less ..." *Id.* 308 Ill.Dec. 393, 861 N.E.2d at 962. The State filed four petitions to revoke Jamie P.'s probation between January 6 and October 2, 2003. *Id.* 308 Ill.Dec. 393, 861 N.E.2d at 961. Jamie P. turned twenty-one years of age on October 3, 2003, and subsequently asked the court to terminate her probation and to dismiss the pending petitions to revoke her probation because the jurisdiction of the juvenile court expired when she turned twenty-one years of age. *Id.* The Illinois Supreme Court interpreted the plain language of the statute and held that Jamie P.'s probationary period automatically terminated on her twenty-first birthday. *Id.* 308 Ill.Dec. 393, 861 N.E.2d at 967.

## IV. CONCLUSION

By operation of I.C. § 20–507, the juvenile court's jurisdiction terminated when Doe reached twenty-one years of age. We reverse the district court's decision affirming the magistrate's order denying Doe's motion to dismiss.

Justices BURDICK, J. JONES, W. JONES and Justice Pro Tem TROUT, concur.