**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35796**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2010 Opinion No. 26** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: April 14, 2010** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| HARRISON GAMINO, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Hon. Robert J. Elgee, District Judge.

Order denying motion to dismiss probation violation proceedings and order extending term of probation, <u>reversed</u>.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant. Justin M. Curtis argued.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent. Elizabeth A. Koeckeritz argued.

_____

LANSING, Chief Judge

Harrison Gamino appeals from the district court's order denying Gamino's motion to dismiss probation violation proceedings and extending his period of probation. We conclude that the State's petition to revoke Gamino's probation was untimely, and we therefore reverse the district court's orders.

**I.**

**FACTS AND PROCEDURE**

In February 2004, Gamino pleaded guilty to burglary. On May 10, 2004, the district court imposed a unified sentence of seven years with five years determinate, but suspended execution of the sentence and placed Gamino on probation for four years. The judgment of conviction was filed the same day. Among other terms, the conditions of Gamino's probation required that he pay restitution, court costs, court fees and fines.

1

In May of 2008, the prosecutor submitted a motion to revoke Gamino's probation, alleging that he had violated probation terms during the probationary period by failing to fully pay restitution, court costs, court fees and fines. The prosecutor signed the motion on May 9, 2008, one day before Gamino's four-year probationary period would expire, but the prosecutor did not file the document. Instead, the motion was delivered to "court personnel" awaiting the district court's signature. The district court signed the petition on May 14,[1] and it was filed two days later on May 16.

Thereafter, Gamino filed a motion to dismiss the probation violation proceeding. He contended that under Idaho Code § 20-222, any action to revoke probation must be commenced within the probation term, and because the prosecutor's motion here was not filed until six days after expiration of Gamino's probation, the motion was untimely and the district court was without authority to adjudicate the matter. In response to Gamino's motion, the prosecutor contended that under the provisions of I.C. § 19-2602, probation violation proceedings are timely if they are initiated anytime within the longest period that Gamino originally might have been sentenced, which in the case of a burglary conviction is ten years.

The district court first concluded that probation violation proceedings are commenced as of the date of the file-stamp on the State's motion, a point that is not disputed by the State. After considering the conflicting provisions of the two statutes at issue, the district court concluded that I.C. § 19-2602 controlled and that the probation violation proceedings were timely under that statute. The district court therefore denied Gamino's motion to dismiss the proceedings for untimely filing. The court ultimately found Gamino in violation of his probation conditions and placed him back on probation, extending the probationary period by two years. Gamino appeals, contending that the district court incorrectly resolved the conflict between I.C. §§ 20-222 and 19-2602.

---

[1] The motion was dated and signed by a deputy prosecutor. Directly below the signature line for the deputy prosecutor was a "subscribed and sworn" line somewhat in the nature of an affirmation administered by a notary public, and below that was a line for the district judge's signature. The reason for the inclusion of a signature line for the judge is not apparent.

## II.

## ANALYSIS

The proper application and construction of a statute is an issue of law over which we exercise free review. *State v. Callaghan*, 143 Idaho 856, 858, 153 P.3d 1202, 1204 (Ct. App. 2006); *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). When interpreting statutes, this Court strives to give force and effect to the legislature's intent. *Id.* Statutes that are *in pari materia*, i.e., relating to the same subject, should be construed harmoniously, if possible, so as to further the legislative intent. *Callaghan*, 143 Idaho at 858, 153 P.3d at 1204; *State v. Maland*, 124 Idaho 537, 540, 861 P.2d 107, 110 (Ct. App. 1993). Thus, we must reconcile apparent inconsistencies between statutes if it is possible to do so. *State v. Pedraza*, 101 Idaho 440, 442, 614 P.2d 980, 982 (1980); *Christensen v. West*, 92 Idaho 87, 88, 437 P.2d 359, 360 (1968); *Sampson v. Layton*, 86 Idaho 453, 457, 387 P.2d 883, 885 (1963). If two statutes are in irreconcilable conflict, however, the more recently enacted statute governs. *State v. Killinger*, 126 Idaho 737, 740, 890 P.2d 323, 326 (1995); *Mickelsen v. City of Rexburg*, 101 Idaho 305, 307, 612 P.2d 542, 544 (1980).

No Idaho statute or court rule expressly prescribes a time limit for filing a motion for probation revocation, but the two statutes at issue here identify that time limit inferentially by specifying when a bench warrant for a probation violation may issue. These statutes are, however, in conflict on this point. Idaho Code § 20-222 addresses the time limit as follows:

> *At any time during probation or suspension of sentence, the court may issue a warrant for violating any of the conditions of probation or suspension of sentence* and cause the defendant to be arrested. Thereupon the court, after summary hearing may revoke the probation and suspension of sentence and cause the sentence imposed to be executed, or may cause the defendant to be brought before it and may continue or revoke the probation, or may impose any sentence which originally might have been imposed at the time of conviction.

(Emphasis added.) Conversely, I.C. § 19-2602 states:

> If it is proved to the satisfaction of the court that the terms and conditions upon which the defendant was placed on probation by the court or any of them have been violated or for any other cause satisfactory to the court, *the court may, at any time within the longest period for which the defendant might have been originally sentenced by judgment of the court, issue a bench warrant for the rearrest of the defendant*.

(Emphasis added.) Thus, I.C. § 20-222 requires that an arrest warrant for a probation violation issue during "probation or suspension of sentence" while I.C. § 19-2602 allows such a warrant to

3

issue "at any time within the longest period for which the defendant might have been originally sentenced." The issues thus presented are whether these statutes can be harmonized and, if not, which statute controls.

Gamino contends that we answered this question in favor of the section 20-222 time limit in *State v. Harvey*, 142 Idaho 727, 132 P.3d 1255 (Ct. App. 2006). We disagree. In *Harvey*, we considered whether a probationary period is tolled while a probationer is absconding from supervision. In addressing that issue, we said that "so long as probation revocation proceedings are commenced during the period of probation, the court acts within its authority set forth in I.C. § 20-222 to revoke or continue probation." *Id.* at 731, 132 P.3d at 1259. However, we were not called upon to address or resolve an asserted conflict between I.C. § 20-222 and I.C. § 19-2602; indeed, the latter statute was not cited or discussed in the opinion.

Being now squarely confronted with the issue, we conclude that sections 20-222 and 19-2602 cannot be harmonized with respect to the time limitation for initiating probation revocation proceedings and that section 20-222 prevails because it is the more recent legislative enactment. As noted above, where two statutes are in irreconcilable conflict, the one more recently adopted governs. *Killinger*, 126 Idaho at 740, 890 P.2d at 326; *Mickelsen*, 101 Idaho at 307, 612 P.2d at 544. The relevant language that is now codified in I.C. § 19-2602 was adopted in 1915, when it was included in an amendment to Revised Codes of Idaho § 7991. *See* 1915 Idaho Session Laws, ch. 104 § 1 at 244-45. Idaho Code § 20-222 was enacted in 1947. *See* 1947 Idaho Sess. Laws, ch. 53 at 64. Therefore, as the later enactment, I.C. § 20-222 governs in this conflict.

It appears that our Supreme Court applied this rule of statutory construction and resolved the conflict between these statutes in the same manner, albeit in an offhand way, in *State v. Edelblute*, 91 Idaho 469, 476, 424 P.2d 739, 746 (1967), where the Court said:

> For revocation of the probation and imposition of sentence, . . . proceedings may be instituted only when "it is proved to the satisfaction of the court that the terms and conditions upon which the defendant was placed on probation * * * or any of them have been violated or for any other cause satisfactory to the court." I.C. § 19-2602. After "it is proved" to the satisfaction of the court that a probationer has violated a term or terms of his agreement of probation, the court may issue a bench warrant for his arrest, ibid., and the probationer, if judgment is to be pronounced, must be "brought before the court." I.C. § 19-2603. *I.C. § 20-222, enacted subsequently to I.C. § 19-2602, provides in part, "during probation, * * * the court may issue a warrant for violating any of the conditions of probation or suspension of sentence * * *. Thereupon the court, after summary hearing may revoke the probation."*

4

(Emphasis added.)

The State argues, however, that even if the time limitation of I.C. § 20-222 controls, the motion for probation revocation was timely filed here because I.C. § 20-222 does not limit commencement of revocation proceedings to the probation period but, rather, allows such proceedings anytime within the period of sentence suspension, which the State contends are the not the same periods. The State's argument relies upon the following portion of section 20-222: "At any time during *probation or suspension of sentence*, the court may issue a warrant for violating any of the conditions of *probation or suspension of sentence* and cause the defendant to be arrested." The State asserts that because probation and suspension of sentence are mentioned in the disjunctive, they refer to different time periods when the duration of the probation term differs from that of the sentence that was suspended. The State notes that Gamino's probation term was four years, while his suspended sentence was for a unified term of seven years. Thus, according to the State, proceedings to revoke the suspension of Gamino's sentence for a probation violation could be commenced at any time within seven years from the pronouncement of sentence, i.e., anytime within three years after his probation expired.

The State's argument requires that we determine whether a period of probation and the period of the associated suspension of sentence are coterminous or the sentence continues in a suspended state after the probation period has expired. That is, may a defendant be subject to a suspended sentence (the suspension of which may be revoked) when he or she is not on probation? We conclude that no such status is authorized by Idaho law. This answer is indicated by I.C. § 19-2601, the statute that empowers sentencing courts to suspend sentences and to impose probation. It states in part:

> Whenever any person shall have been convicted, or enter a plea of guilty, in any district court of the state of Idaho, of or to any crime against the laws of the state, except those of treason or murder, the court in its discretion, may:
> . . . .
> 2. Suspend the execution of the judgment at the time of judgment or at any time during the term of a sentence in the county jail *and* place the defendant on probation under such terms and conditions as it deems necessary and expedient;

The conjunctive "and" in this subsection of I.C. § 19-2601 suggests that the suspension of a sentence must always be accompanied by probation.

While not directly addressing this issue, several Idaho appellate court decisions indicate that suspension of a sentence and probation do not occur independently of one another. For

5

example, in *State v. Brooke*, 134 Idaho 807, 10 P.3d 756 (Ct. App. 2000), we considered a defendant's contention that the State had breached its commitment in a plea agreement to recommend a suspended one-year sentence when the prosecutor at sentencing, in addition to recommending a one-year suspended sentence, asked the court to place the defendant on "a highly supervised probation" and to require that he participate in sex offender treatment. The defendant argued that the prosecutor's request for probation with sex offender treatment as a condition of probation was not consistent with the plea agreement. In response, we said:

> A recommendation for a suspended sentence implicitly contemplates probation, for the suspension of a sentence is always accompanied by an order of probation. The statute that authorizes suspension of a sentence as a sentencing option, I.C. § 19-2601(2), empowers a court to "suspend the execution of the judgment . . . *and* place the defendant on probation under such terms and conditions as it deems necessary and expedient." (Emphasis added). The conjunctive "and" in this statute indicates that the suspension of a sentence is always to be accompanied by an order of probation. . . . We have noted that "an agreement to recommend probation encompasses a recognition that there will be a suspended sentence." *Potts*, 132 Idaho at 867, 979 P.2d at 1225. Here, we hold the converse--that an agreement to recommend a suspended sentence encompasses a recognition that there will be probation. Thus, the prosecutor's request for probation was not a term that was inconsistent with, or even in addition to, the recommendation for a suspended sentence which was an express term of the plea agreement.

*Id.* at 809-10, 10 P.3d at 758-59. Similarly, in *Pedraza*, 101 Idaho at 442, 614 P.2d at 982, the Idaho Supreme Court said: "When a criminal defendant is adjudged guilty of the crime charged, a district court judge may choose from several sentencing alternatives found in I.C. § 19-2601. The court may, among other things, suspend the execution of judgment, I.C. § 19-2601(2), or withhold judgment, I.C. § 19-2601(3). *In either case, the defendant is placed on probation.*" (Emphasis added.) *See also State v. Potts*, 132 Idaho 865, 867, 979 P.2d 1223, 1225 (Ct. App. 1999) ("When probation is granted following a judgment of conviction, it is inherent that there will be an underlying sentence which is suspended until the probation is either revoked or successfully completed.").

The only authority on which the State relies for its argument that a suspended sentence may continue (and the suspension may be revoked) after the expiration of a probationary period is *State v. Hancock*, 111 Idaho 835, 727 P.2d 1263 (Ct. App. 1986), an unusual case in which this Court was presented with unique circumstances. The district court there had pronounced sentence and suspended the sentence without contemporaneously stating that the defendant was

6

placed on probation or establishing any terms and conditions of probation. The trial court thereafter attempted to correct this error by entering a probation order *nunc pro tunc* several months after the sentencing hearing. In the interim, the defendant had been charged with a new crime. This Court held that although the new crime could not constitute a violation of the defendant's probation terms because such terms had not been imposed before the new crime occurred, the trial court nonetheless could revoke the suspension of the defendant's sentence and order execution of the original sentence because not committing a new crime was a clearly implied condition of the sentence suspension. To the extent that the *Hancock* decision recognizes the possibility of suspension of a sentence without accompanying probation, the holding is limited to the unique facts there presented--a perplexing circumstance where a trial judge apparently had always intended to impose probation terms but neglected to do so at the appropriate time. The case does not stand for the proposition that a sentence remains suspended, and hence subject to revocation of the suspension, after the completion of a probationary period that was imposed when the sentence was suspended.

We conclude that a sentence does not continue in a state of suspension that is subject to revocation after the associated probation term has been completed. Therefore, the State's motion to revoke Gamino's probation was untimely because it was not filed "during probation" as required by I.C. § 20-222.

We recognize that the situation may arise where a probation violation occurs within the period of probation, but is not discovered until afterward or occurs so late in the period of probation that it cannot be brought to the court before the term expires. However, I.C. § 20-222 does not provide for a time certain or a reasonable time after the probation term expires to bring a proceeding based upon a violation occurring during the term of probation. Therefore, unless and until the legislature were to amend the statute to include a term to that effect, we are constrained by the statute, and the motion in this case was not timely filed.

## III.

### CONCLUSION

Because the State's effort to revoke Gamino's probation was not timely commenced by filing with the district court during the term of Gamino's probation, the district court's order denying Gamino's motion to dismiss the probation violation proceedings and the order extending Gamino's probation are reversed.

7

Judge GRATTON **CONCURS.**

Judge Pro Tem SCHWARTZMAN, **DISSENTING**

I respectfully dissent, despite assuming that I.C. § 20-222 is in conflict with, and takes precedence over, I.C. § 19-2602. As noted, section 20-222 literally allows for the issuance of a warrant for "violating any of the conditions of probation" *during* "suspension of sentence."

In this unusual and somewhat perplexing little case, there is a time difference between the period of probation (four years) and suspension of sentence (seven years). Whatever the reason,[1] by a plain reading of the statute that time differential is sufficient to give the district court additional jurisdiction of up to three years to initiate probation violation proceedings after the formal probation has expired.

Such an interpretation would also be in harmony with the thrust of section 19-2602, which seemingly would allow for the filing of a violation of probation years, if not decades, after its expiration if a defendant might have originally been sentenced to a life term.

It is not for this Court to more fully define the legal status of this "twilight zone" between probation, suspension of sentence and revocation of sentence, other than to simply follow the unambiguous dictates of the statute. Our interpretation dilemma is certainly deserving of legislative reconsideration leading to a more practical, but less conflicted, statutory solution.

---

[1] Perhaps it was the district court's intent to give itself an enlarged window of opportunity, if needed, to enforce the restitution requirement.

8