IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37847

STATE OF IDAHO,

        Plaintiff-Appellant,

v.

DANIEL A. LIGON-BRUNO,

        Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)

2011 Opinion No. 72

Filed: December 12, 2011

Stephen W. Kenyon, Clerk

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Order dismissing probation violation proceedings, <u>affirmed in part</u>, <u>reversed in part</u>, and <u>case remanded</u>.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for appellant. John C. McKinney argued.

Molly J. Huskey, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for respondent. Sarah E. Tompkins argued.

_____

LANSING, Judge

The State appeals from the district court's order dismissing, for lack of jurisdiction, probation violation allegations brought against defendant Daniel A. Ligon-Bruno. The district court determined that in order for the court to possess jurisdiction to take action on a probation violation, the court must take some affirmative step to impose a sanction before the probation term expires and, because that did not occur here, the court lacked jurisdiction to consider probation violation sanctions. We reverse in part and remand.

## I.

## FACTS AND PROCEDURE

In 2005, Ligon-Bruno pleaded guilty to possession of cocaine. In February 2006, the district court issued an order withholding judgment and placed Ligon-Bruno on probation for

1

four years. The court's order specifically stated that probation would expire on February 21, 2010.

On January 4, 2010, Ligon-Bruno was arrested on new drug charges. The next day, a number of documents were filed in the 2005 case: an agent's warrant,[1] a probation officer's affidavit, and a proposed "Order Finding Probable Cause," all apparently intended for the court's use in determining probable cause at Ligon-Bruno's initial appearance on probation violation allegations stemming from his arrest on January 4. Although it is not entirely clear from the record, it appears that these documents were filed by Ligon-Bruno's probation officer without the involvement of the county prosecutor. That same day, at Ligon-Bruno's probation violation initial appearance, a magistrate found that the probation officer's affidavit did not establish the requisite probable cause to believe that Ligon-Bruno had violated probation, and the magistrate therefore ordered Ligon-Bruno's release from custody on the probation violation charge. On January 6, 2010, Ligon-Bruno bonded out of jail on the new drug charges.

On January 8, 2010, a "Report of Probation Violation" prepared by the probation officer was filed.[2] The report said that Ligon-Bruno had violated two conditions of his probation on January 4, 2010, because he had been found in possession of methamphetamine and had tested positive for amphetamine and marijuana. In the last paragraph, the report requested that a bench warrant be ordered to replace the agent's warrant and that "a hearing be scheduled to determine if Daniel Ligon-Bruno is in violation of his probation." The probation violation report lay dormant, apparently because neither the district court nor the county prosecutor was made aware that it had been filed.

A month and a half later, on February 21, 2010, Ligon-Bruno's specified probationary period expired. On February 27, he was again arrested for possession of methamphetamine occurring that day. On March 1, a second agent's warrant, a second probation officer's affidavit, and a second proposed "Order Finding Probable Cause" were filed for the court's use with

---

[1]     Idaho Code § 20-227 authorizes a probation officer to arrest a probationer and/or obtain the probationer's arrest for violation of a condition of probation through the issuance of an agent's warrant.

[2]     Idaho Code § 20-227(4) provides that if a probationer is arrested or detained on an agent's warrant, the probation officer "shall at once" notify the court and "shall submit in writing a report showing in what manner" the probationer "is alleged to have violated the condition of his or her" probation.

respect to the newest alleged probation violation stemming from Ligon-Bruno's February 27 arrest. The next day, the magistrate at Ligon-Bruno's second initial appearance found that the probation officer's affidavit again failed to establish probable cause to believe that a probation violation had occurred, and again ordered Ligon-Bruno's release on the probation violation charge.

On March 3, 2010, a "Report of Probation Violation Addendum" signed by the probation officer was filed. Although it did not so specify, it was apparently intended as an addendum to the January 8 report of probation violation which, to that point, evidently had not been seen by either the magistrate or district court. The initial January 8 report of probation violation and associated probation officer's affidavit were routed to the district court on March 3. On that day, the district court found probable cause to believe a probation violation occurred and issued a warrant for Ligon-Bruno's arrest. Ligon-Bruno was arrested on the bench warrant on March 4, and the district court arraigned him on the probation violation allegations in the two reports on March 17.

At a May 5 hearing, Ligon-Bruno orally moved to dismiss the allegations from both the January 8 probation violation report and the addendum. He contended that in order for the district court to possess jurisdiction to adjudicate alleged violations, probation violation proceedings must commence within the probationary period *and* the district court must take some action toward revocation of probation within the probationary period. The State responded that, assuming court action within the probationary period was required, the district court's March 3 finding of probable cause to arrest and issuance of a bench warrant for Ligon-Bruno's arrest occurred during the probationary period because the probationary period was tolled during the time that probation violation proceedings were pending.

The district court granted Ligon-Bruno's motion to dismiss, holding that in order for a probation violation to be penalized, a probation violation affidavit must be filed, and the court must take some affirmative step to impose a sanction, before the probation expires. The district court concluded that because Ligon-Bruno's probation had expired before any court action, no probation violation could be pursued as there was no longer jurisdiction. The State appeals.

## II.

## ANALYSIS

The State contends that the district court possessed authority to adjudicate the alleged January 4 probation violations because proceedings on those violations were initiated within Ligon-Bruno's probationary period. The State also asserts there was authority to adjudicate the February 27 violation referenced in the March 3 addendum to the report of violations, even though the latter violations occurred after expiration of Ligon-Bruno's defined period of probation, because the probationary period had been tolled by proceedings on the January 4 violation. Ligon-Bruno contends that neither violation may be adjudicated because Idaho Code § 20-222 requires that probation violation proceedings be initiated by issuance of a bench warrant within the probation period, which did not occur here.

**A.    The District Court Possessed Authority to Adjudicate the Alleged January 4 Violations**

In *State v. Gamino*, 148 Idaho 827, 230 P.3d 437 (Ct. App. 2010), we addressed a question of when a probation violation proceeding must commence. In that case, after the probation period had expired, the prosecutor filed a motion to revoke the defendant's probation for violations that occurred during the probation term. The district court denied the defendant's motion to dismiss the proceedings as untimely. On appeal, noting that no Idaho statute or court rule expressly prescribes a time limit for filing a motion for probation revocation, this Court looked to the two most closely relevant statutes, Idaho Code §§ 20-222 and 19-2602, which, we held, "identify that time limit inferentially by specifying when a bench warrant for a probation violation may issue" but were "in conflict on this point." *Gamino*, 148 Idaho at 829, 230 P.3d at 439. We resolved the conflict by applying the most recently enacted statute, Section 20-222, to conclude that probation violation proceedings must commence within the probationary period. We held that, because the prosecutor's motion to revoke probation was filed too late, the district court was without authority to adjudicate the alleged violations.

In *State v. Harvey*, 142 Idaho 727, 132 P.3d 1255 (Ct. App. 2006), this Court held that the defendant's probationary period had been tolled while he was absconding from supervision, and we then stated: "We further hold that so long as probation revocation proceedings are commenced during the period of probation, the court acts within its authority set forth in I.C. § 20-222 to revoke or continue probation." *Id.* at 731, 132 P.3d at 1259. Thus, *Gamino* establishes that in order for a court to possess authority to address a claimed probation violation,

4

the probation violation proceedings must be initiated within the defendant's probationary period, and *Harvey* establishes that *if* the proceedings were commenced during the term of probation, the court will retain authority to act upon the claimed violations even if those proceedings are not completed before the probationary term ends. In neither of those cases, however, were we called upon to determine what act is required to constitute the commencement of a probation violation proceeding. That is the issue that is squarely presented here with respect to Ligon-Bruno's alleged January 4 probation violation.

As noted above, the district court concluded that it lacked jurisdiction to impose sanctions for a probation violation unless the court had received evidence of the violation and had taken some affirmative step to impose a sanction before the probation expired. This conclusion is inconsistent with our holding in *Harvey* that probation violation proceedings need only be *commenced* during the probation period, and we therefore deem the district court's rationale to be in error. Ligon-Bruno maintains, however, that the dismissal order should be affirmed on an alternative basis--that only the very specific act of issuing a bench warrant will constitute commencement of violation proceedings. Because no bench warrant for Ligon-Bruno's arrest was issued before expiration of his probation period, Ligon-Bruno argues he is now immune from sanction. For this position, Ligon-Bruno relies upon Idaho Code § 20-222, which provides that "[a]t any time during probation . . . the court may issue a warrant for violating any of the conditions of probation." Ligon-Bruno asserts that this "plain language" dictates that a probation violation proceeding is timely commenced only if a bench warrant for the probationer's arrest is issued within the probationary period.

We do not find Ligon-Bruno's argument persuasive. While Section 20-222 authorizes a court to issue a bench warrant due to an alleged probation violation, the statute does not preclude initiation of probation violation proceedings in any other manner. The purpose of a bench warrant, which is to bring the defendant before the court, can also be accomplished in a number of other ways, such as an agent's arrest warrant, or an appearance pursuant to a summons. Idaho Code § 20-222 is part of a statutory scheme that was adopted in 1947 and sets forth only in sketchy terms the court's authority to revoke probation.[3]

---

[3] In *State v. Edelblute*, 91 Idaho 469, 424 P.2d 739 (1967), the Idaho Supreme Court held that a probation revocation hearing must be based upon charges that inform the probationer of the allegedly violated terms or conditions of probation and the manner and circumstances of the

There are neither statutes nor court rules that prescribe complete procedures for adjudication of probation violations.[4] However, an application to the court for an order, such as an order finding a defendant in violation of his probation, is ordinarily to be made by a motion that states the grounds upon which the request is made and specifies the relief or order sought. Idaho Criminal Rule 47. In *Gamino*, the prosecutor initiated the proceedings by filing a motion, albeit an untimely one, to revoke probation. *Gamino*, 148 Idaho at 828, 230 P.3d at 438. In *Edelblute*; *Harvey*; and *State v. Doe*, 147 Idaho 326, 208 P.3d 730 (2009), the State filed "petitions" alleging probation violations. In *Harvey*, 142 Idaho at 731, 132 P.3d at 1259, we indicated that a "petition formally charging a probationer with committing a violation" had commenced probation violation proceedings. We have been given no persuasive reason why a motion or its functional equivalent filed within the probation period should be insufficient to initiate a timely probation violation proceeding.

The State here refers to the report of probation violations filed on January 8, 2010, as the equivalent of a motion or the petitions utilized in *Edelblute*, *Harvey*, and *Doe*. We agree. It is not the title of the document that matters but the information it contains. Here, the January 8, 2010, report of probation violation recited the relevant terms of the defendant's probation, provided specific information concerning how and when those terms were allegedly violated, and requested that the court schedule a hearing to determine whether Ligon-Bruno was in violation of his probation. We hold that this report of probation violation was sufficient to

---

violation so that the probationer can intelligently prepare a defense; that the probationer must be allowed to testify, to call witnesses under oath, and otherwise to produce evidence in defense; and that a probationer must also be given a reasonable opportunity to examine and rebut adverse evidence and to cross-examine hostile witnesses. *Id.* at 480, 424 P.2d at 750. In short, our Supreme Court held that, despite the statutory scheme calling for "summary" hearings, *see* I.C. § 20-222, probation may be revoked only after the defendant has received essentially the same due process protections that were subsequently mandated by the United States Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

[4]     Idaho Criminal Rule 5.3 specifies procedures only for a probationer's initial appearance and arraignment on a probation violation charge.

commence a timely probation violation proceeding.[5]  As noted above, in *Harvey* we held that if probation revocation proceedings are *commenced* during the period of probation, the court retains authority thereafter to take action on the claimed violations.  Consequently, the district court here erred in dismissing the probation violation allegations on the ground that the court lacked jurisdiction over the proceeding.

## C.      The District Court Had No Authority to Adjudicate the Alleged February 27 Probation Violations Because the Violations Did Not Occur Within the Probationary Period

Having determined that proceedings were timely commenced for the probation violations that allegedly occurred on January 4, 2010, and that the court therefore possessed jurisdiction to adjudicate those violations, we must next determine whether the court also possessed jurisdiction to adjudicate the claimed violations that occurred on February 27, 2010, after Ligon-Bruno's original probation term had expired.  The State appears to argue that Ligon-Bruno's probation period was tolled by the filing of the January 8 report of probation violations, and therefore the documents filed regarding the alleged February 27, 2010, violation were also filed within his probation term and can be adjudicated.  The State's argument seeks an extension of this Court's holding in *Harvey*, where we concluded that a probationer's probation term is tolled while the probationer is absconding from supervision, measured from the date probation violation proceedings are commenced until the violations are adjudicated.  *Harvey*, 142 Idaho at 730-31, 132 P.3d at 1258-59.  The State argues that there is no logical reason to toll only in cases involving absconding, and that the rule in *Harvey* should be extended to apply to *all* probation violations, including the January 4 drug-related violations alleged here.

An examination of the rationale for our tolling decision in *Harvey* refutes the State's argument.  In that case, the probationer had left Idaho and was arrested on warrants in other states on three separate occasions, and then argued that his probation could not be revoked in the

_____

[5]      Our holding should not be interpreted to mean that this is an advisable way to commence a probation violation proceeding.  Here, it appears that the reports of probation violations were not filed by the county prosecutor but instead by a probation officer, and may not have been brought to the attention of the parties or the court for several weeks.  Ligon-Bruno has made no argument that the district court lost jurisdiction or that due process was violated because of undue delay in acting upon the January 8 report of probation violations.  Therefore, we do not address whether an excessive period of inaction after a filing that commenced a probation violation proceeding would cause loss of jurisdiction or a deprivation of due process.

last instance because, by that time, the maximum period of probation allowed by statute had been exceeded. We decided that Harvey's conduct tolled his probationary period on the following rationale:

> The purpose of probation is rehabilitation. Additionally, the defendant's rehabilitation should be fostered while protecting public safety. The purpose of probation is frustrated when the probationer eludes the court's supervision. . . .
>
> To determine that the tolling rule did not apply in this case and that the district court's jurisdiction over Harvey had expired would lead to a patently absurd result and nullify legislative intent that probation rehabilitate the defendant while protecting society. We therefore conclude that *the Idaho legislature could not have intended for a probationer to have the ability to avoid the conditions of probation entirely by absconding from supervision until the probationary period expired.*

*Id.* at 731, 132 P.3d at 1259 (emphasis added) (citations omitted). Our determination that Harvey's probation term had been tolled was expressly based upon the recognition that, by absconding, a probationer completely eludes all of the rehabilitative and supervisory components of probation and utterly prevents accomplishment of the purposes of probation. Conversely, probation violations for conduct or omissions other than absconding generally do not result in the probationer "avoid(ing) the conditions of probation entirely." The tolling rule adopted in *Harvey* therefore does not apply to Ligon-Bruno's alleged January 4 violation of possessing and using drugs. It follows that Ligon-Bruno's alleged February 27 possession of methamphetamine may not be adjudicated as a probation violation because it occurred after his probation term had ended.

## III.

## CONCLUSION

The district court's order dismissing the probation violation allegations is reversed with respect to the violations alleged in the January 8, 2010, report of probation violations and is affirmed with respect to the February 27 violation. This case is remanded to the district court for further proceedings consistent with this opinion.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR.**

8