**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50342**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 24, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MICHAEL LOUIS JONES, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order revoking probation, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Michael Louis Jones appeals from the order revoking his probation. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement, Jones pled guilty to an amended charge of concealment of evidence (I.C. § 18-2603) and was sentenced to a unified term of five years, with a minimum period of confinement of four years. The district court retained jurisdiction and sent Jones to participate in the rider program. Following completion of his rider, the district court suspended the sentence and placed Jones on probation. As a term of probation, Jones was ordered to complete one hundred hours of community service by October 30, 2020.

1

Jones' community service log was filed by the community service clerk on June 15, 2022. The community service log contained a notation that the hours Jones reported could not be confirmed and that the contact information provided was invalid. On September 16, 2022, the district court filed a notice of hearing for an order to show cause for "Failure to Provide Proof of Completing Community Service." Jones' probationary period had a completion date of October 2, 2022.

At the hearing on the order to show cause, held October 24, 2022, Jones denied that he failed to complete his community service by the date ordered. The district court, therefore, scheduled a probation violation evidentiary hearing. At the evidentiary hearing, Jones moved to dismiss, arguing the district court did not have jurisdiction over the probation violation proceedings because the proceedings were not properly or timely initiated. The district court denied the motion. Following the presentation of evidence, the district court found that Jones falsified his community service record and subsequently falsified letters in an attempt to corroborate the false community service record after the district court issued its order to show cause. The district court, therefore, found Jones violated his probation by failing to complete community service, ordered him to serve twenty-four days in custody in lieu of the remaining 97.5 community service hours Jones did not perform, and extended his probation for an additional year. Jones appeals.

## II.

## STANDARD OF REVIEW

Whether a court lacks jurisdiction is a question of law, over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004).

## III.

## ANALYSIS

Jones argues that the district court erred when it denied his motion to dismiss the probation violation proceedings because the district court lacked jurisdiction to adjudicate the alleged probation violation. Jones' jurisdictional argument is predicated on the assertion that neither the community service log sheet nor the notice of hearing was sufficient to initiate probation violation proceedings. The State responds that the district court did not err in its denial of the motion to dismiss because the community service log sheet and the notice of hearing were sufficient to

initiate probation violation proceedings. We hold that the district court's initiation of probation violation proceedings was sufficient and that Jones has failed to show error in the denial of his motion to dismiss those proceedings for lack of jurisdiction.

Either a motion or its functional equivalent is sufficient to initiate a probation violation proceeding. *See State v. Ligon-Bruno*, 152 Idaho 274, 278, 270 P.3d 1059, 1063 (Ct. App. 2011). In determining what constitutes the functional equivalent of a motion, it is not the title of the document that matters but, rather, the information contained therein. *Id.* As long as the probation violation proceedings commence during the period of probation, the trial court has jurisdiction to adjudicate the alleged violation even if the final adjudication occurs after the probationary period ends. *Id.*

The district court initiated the probation violation proceedings in this case prior to the expiration of Jones' probationary period by filing an order to show cause regarding his "failure to provide proof of completing community service." The show cause order was based on a community service log for Jones with a notation that reads: "Numbers given are not valid with contact names, emailed [Jones] regarding this, tried to contact by phone several times, 6/15/2022-6/21/2022, T[errie] D[rury]."[1] Also submitted with the log was an email from Drury to Jones, advising him: "Please see the attached log sheet, I've pointed out the agencies I need you to clarify with the name and numbers of the Agencies. I cannot read them as they are not clear and the numbers are not answering valid." The district court found that the information contained in the notice of hearing in conjunction with the community service log was sufficient to initiate probation violation proceedings regarding the term of Jones' probation requiring him to complete one hundred hours of community service.

Jones argues that, because the community service log "contained no formal accusation by a probation officer that alleged [Jones] had violated his probation," it could not have provided the required notice on "how and when" he allegedly violated his probation. We disagree. The community service log contained Jones' name and case number, the number of hours that were ordered, and the date the hours were to be completed by. The community service log contained a

---

[1] The record indicates that the initials on the note, "TD," refer to Terrie Drury, a Kootenai County employee.

3

list of hours Jones claimed he completed and the agency at which he allegedly completed them, along with contact names and phone numbers for individuals who could purportedly verify the information on the log. The note on the community service log from Drury, along with the accompanying email exchange between Drury and Jones, indicated the information Jones provided could not be verified. Based on this information, the district court set a show cause hearing identifying the issue as Jones' failure to provide proof of community service hours. This information was sufficient to put Jones on notice regarding the probationary term and the alleged violation of that term, and Jones was afforded the opportunity to be heard on the allegation at the show cause hearing and the subsequent evidentiary hearing. *See Ligon-Bruno*, 152 Idaho at 278, 270 P.3d at 1063 (holding that report of probation violation which contained "the relevant terms of the defendant's probation, provided specific information concerning how and when those terms were allegedly violated, and requested that the [trial] court schedule a hearing" was sufficient to commence probation violation proceedings). Moreover, because the proceedings were initiated prior to the expiration of Jones' probation, the district court had jurisdiction to adjudicate the probation violation. Jones has failed to show the district court erred in denying his motion to dismiss.

## IV.

## CONCLUSION

Jones has failed to show the district court erred in denying his motion to dismiss because the community service log and notice of hearing were sufficient to initiate probation violation proceedings, and the proceedings were initiated prior to the expiration of Jones' probationary period. Accordingly, the district court's order revoking probation is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.

4